# Municipal Authority of Zelienople Borough Appeal.

Argued March 18, 1968. Before Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*John L. Wilson,* with him *Robert L. Orr,* for appellant.

*John L. Spiegel,* with him *Oran W. Panner,* and *Plowman and Spiegel,* for appellee.

*Lee E. Whitmire, Jr.*, for Northeastern Beaver County School District, and *Samuel R. Pitts*, Solicitor, for County of Beaver, intervenor appellees.

OPINION BY MR. JUSTICE COHEN, August 6, 1968:

This is an appeal from an order of the Court of Common Pleas of Beaver County sustaining certain preliminary objections filed by Tasa Coal Company, the County of Beaver, and Northeastern Beaver County School District, to eminent domain proceedings instituted by the Municipal Authority of the Borough of Zelienople, Butler County (Authority). The subject parcel of land was owned by Tasa Coal Company and located in Franklin Township, Beaver County. The land was condemned for use as an airport.

The Authority is a separate entity created pursuant to the Municipality Authorities Act of May 2, 1945, P. L. 382, as amended, 53 P.S. §301 et seq., by the Borough of Zelienople.

On July 26, 1965, the Authority filed a declaration of taking with the Court of Common Pleas of Beaver County, condemning 203.76 acres of land in Franklin Township, Beaver County. Shortly thereafter the Authority posted a bond in the amount of $60,000 as required by the Eminent Domain Code.

Preliminary objections were filed to the declaration of taking on the following grounds: (1) that the condemnation violates the Eminent Domain Code and the Pennsylvania Constitution in that it constitutes a taking of private property for private use; (2) that the condemnation was capricious and arbitrary in that the taking was authorized without public hearings, study or reflection to determine the public necessity for the taking; (3) the bond posted by the Authority is inadequate security for the payment of just compensation and not in conformity with §403 of the Eminent Domain Code; (4) that the condemnor has violated §402

of the Code by failing to set forth how just compensation has been made or secured; (5) that the condemnor lacks the power to condemn land outside the county in which the condemnor has been created, and (6) that the condemnation violates the Municipality Authorities Act in that the condemnation was inspired by private parties for private use and enjoyment, and several other reasons not necessary to enumerate.

After the taking of depositions and oral argument, the court below dismissed all the preliminary objections except those dealing with the power to condemn without the county line in which the Authority was created, and the adequacy of the posted bond. The court below further ordered and directed that title to the land be revested in Tasa Coal Company. From that order the Authority has appealed.

The Authority first contends that the court below erred in sustaining appellees' preliminary objection that the Authority lacked the power to condemn outside the county limits in which the Authority was created.

Under the Municipality Authorities Act of May 2, 1945, P. L. 382, as amended, 53 P.S. §306, the Authority is empowered to acquire, hold, operate and maintain, and lease as lessor airports and all facilities necessary or incident thereto. Section 11 of the same Act, 53 P.S. §314, specifically confers the power to the Authority to acquire land by eminent domain proceedings and provides in pertinent part as follows: ". . . the right of eminent domain herein conferred by this section may be exercised either within or without the municipality or municipalities."

The court below in reaching the conclusion that the Authority's power of eminent domain does not extend across county lines relied upon the Statutory Construction Act, Act of May 28, 1937, P. L. 1019, §58, 46 P.S. §558, which in essence provides that all provisions con-

ferring the power of eminent domain must be strictly construed and that such power must be expressly granted or of necessity implied. See *Kline v. Harrisburg,* 362 Pa. 438, 68 A. 2d 182 (1949).

While we agree with the court below that the power to condemn must be strictly construed, we believe that even a strict construction of the Authority's power irresistibly leads to the conclusion that the Authority may condemn outside the county limits. The Act clearly and unequivocally permits condemnation by the Authority *"within or without the municipality or municipalities."* In our view this represents a clear expression of intent by the legislature not to limit the power to condemn within county limits. Moreover, the fact that the legislature in the Third Class City Code, Act of June 23, 1931, P. L. 932, 53 P.S. §39201, provided a city with authority to condemn land lying within or without the territorial limits of the county in which such city is located, and did not under the Municipality Authorities Act, is of no consequence since as previously determined, the language "within or without the municipality" clearly conveys unlimited authority to condemn geographically. The wisdom in permitting an authority to condemn outside the county lines may be somewhat dubious as indicated by the lower court's opinion and aptly pointed out in appellees' brief, but unfortunately we cannot substitute our judgment for the judgment of the legislature when the statutory language patently precludes any other interpretation.

The second issue presented for our resolution is whether the bond filed by the Authority complies with the requirements of Article I, §10 of the Pennsylvania Constitution that private property shall not be taken without just compensation being first made or secured. The lower court held that the Authority's bond was insufficient to meet the constitutional mandate. We agree.

The filing of a naked bond without providing some sort of security for the bond does not fulfill the requirement that just compensation must be paid or secured at the time of the taking. While we agree with the lower court's determination as to the inadequacy of the bond, we must nonetheless remand to the lower court for the purpose of permitting the Authority to file a bond which in the opinion of the lower court will be proper and adequate. Eminent Domain Code, Act of June 22, 1964, P. L. 84, §403(c), 26 P.S. §1-403(c). Cf. *Pittsburgh Railways Co. v. Port of Allegheny County Authority*, 415 Pa. 177, 202 A. 2d 816 (1964).

We have considered the other objections raised by appellees in their briefs and conclude that the court below correctly resolved each objection in favor of the Authority.

Order reversed and case remanded to the court below to proceed in accordance with this opinion.

Mr. Justice ROBERTS concurs in the result.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.