Warren P. Phelan v. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

200

Argued April 7, 1977, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*Joseph A. Malloy, Jr.,* with him *Walter T. Darmopray, Christopher F. Stouffer,* and *Hamilton, Darmopray & Malloy,* for appellee.

OPINION BY JUDGE WILKINSON, JR., May 17, 1977:

This appeal arises from an order of the Court of Common Pleas of Bucks County reversing the Pennsylvania Liquor Control Board (Board) and ordering the approval of appellee's application for the renewal

and transfer of a restaurant liquor license. We reverse.

In December of 1971 the Board granted prior approval of appellee's application for a liquor license for a new restaurant to be located at 198 York Road, Warminster Township. The license was renewed annually, finally expiring on October 31, 1975. During this period appellee never started construction of the restaurant, he having decided that the proposed site was not desirable because of traffic problems and limited parking facilities. On or about August 28, 1974, appellee applied to transfer his license to another location in Warminster Township. The Board denied the application on the basis that the transfer was prohibited by Section 403(a) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-403(a). The court below reversed and this appeal was filed.

Section 403(a) reads in pertinent part:

> After approval of the application, the licensee shall make the physical alterations, improvements and changes to the licensed premises, or shall construct the new building in the manner specified by the board at the time of approval . . . . The board may require that all such alterations or construction or conformity to definition be completed within six months from the time of issuance or transfer of the license. Failure to comply with these requirements shall be considered cause for revocation of the license. No such *license shall be transferable between the time of issuance or transfer of the license and the approval of the completed alterations or construction by the board and full compliance by the licensee with the requirements of this act, except in the case of death of the licensee prior to full compliance with all of the aforementioned requirements* . . . . (Emphasis added.)

The express statutory prohibition on transfers of new restaurant licenses prior to the completion of construction was modified by this Court in *Pennsylvania Liquor Control Board v. Rauwolf*, 3 Pa. Commonwealth Ct. 95, 281 A.2d 205 (1971). In that case the licensee, despite serious efforts to comply with the statutory requirements, could not obtain the necessary building permits. He, therefore, applied to transfer his license to a new owner at a new location. The Court believed that where the licensee was faced with the impossibility of finishing construction, that prohibiting a transfer would be "an absurd or unreasonable result." *Id.* at 101, 281 A.2d at 208. Under a literal construction of the section, Rauwolf would have lost his license due to forces beyond his control— the same risk that the 1959 amendment to Section 403(a) to allow prior approval of licensee was supposed to eliminate.

Appellee argues and the court below agreed that *Rauwolf* is similar to this case and controlling. We disagree. Unlike Rauwolf, appellee did not fail in his duty to construct the proposed restaurant because of impossibility. Rather, he wished to change locations because he changed his mind and no longer viewed the prior approved premises as desirable.

Nor do we believe that *Rauwolf* should be extended to allow a license to be freely transferable before completion of construction and any dicta in *Rauwolf* to the contrary must be so limited. We note that the court below reasoned that there is "no magic in any particular site," and that transfers should be allowed. Such an extension of *Rauwolf*, however, flies in the face of the express wording of Section 403(a), rendering it superfluous. We must presume that the Legislature "intends the entire statute to be effective and certain." Statutory Construction Act of 1972, 1 Pa. C.S. §1922(2). While this Court has lim-

ited the severity of the non-transferability rule of Section 403(a) in the unusual situation of *Rauwolf*, only the Legislature can eliminate it.

Accordingly, we will enter the following

ORDER

Now, May 17, 1977, the order of the Court of Common Pleas of Bucks County, dated December 29, 1975, at No. 364 MM March Term, 1975, is reversed and appellee's application for renewal and transfer of a restaurant liquor license is denied.