Condemnation of the Property of Thomas W. Golding and Nancy D. Golding, his wife, at 28 Wilson Avenue, Chalfont, Pa. et al.

Thomas W. Golding and Nancy D. Golding, his wife, Appellants *v.* The Township of New Britain, Appellee.

Argued October 6, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*David M. MacFarlan*, with him *Larry B. Maier*, and *Charles S. Wilson & Associates*, for appellants.

*Albert L. Blackman, Jr.*, with him *George M. Bush*, and *Hartzel and Bush*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 15, 1978:

Before us is an appeal from a decision of the Court of Common Pleas of Bucks County dismissing a petition for the appointment of viewers.

In May, 1972, the Township of New Britain (Township/Appellee) approved subdivision plans for the Blyden Square Housing Development (Development), including plans for the construction of storm and drain sewers. The Development is located on the Township's eastern border and abuts the property of Thomas and Nancy Golding (Appellants) located in the Borough of Chalfont. The approved drainage plans provided for the drainage of storm water toward Appellants' property but made no provisions for containment of the water or for merging the drainage system with other systems beyond the Township's boundary. Consequently, upon completion of the Development, the drainage system was left open-ended at the Township's border resulting in the discharge of storm water onto Appellants' property.

Appellants petitioned the court below[1] for the appointment of viewers pursuant to Section 502(e) of the Eminent Domain Code[2] alleging the following: (1) that the Township has caused and approved the collection of drainage of a concentrated flow of water upon their premises; (2) that no declaration of taking has been filed by the Township; and (3) that the Township has done substantial damage and injury to their premises, has imposed a servitude upon it and has effected a partial taking thereof.[3]

The Township responded by filing preliminary objections stating that the action complained of could not constitute a de facto taking because the Township was not an entity clothed with the power of eminent domain, i.e., without authority to condemn property beyond its geographic boundaries.

The court below sustained the Township's preliminary objections and dismissed Appellants' petition.[4] We affirm.

---

[1] Pursuant to a Motion for More Specific Pleadings, Appellants amended their Petition to include a metes and bound description of the alleged partial take.

[2] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e). This section states in relevant part:

> (e) If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers . . . setting forth such injury.

[3] There is no averment that the Township has established a Municipal Authority under the Municipality Authorities Act of 1945 (Act), Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §301 et seq., authorized to condemn property outside the municipality's borders. *See* Section 11 of the Act, 53 P.S. §314.

[4] The court below issued a memorandum opinion, adopting the well-reasoned opinion of Judge Garb, in an action brought by Appellants' neighbor involving the identical issues presented here, That opinion states in relevant part:

The term "de facto" taking was defined by our Supreme Court in *Griggs v. Allegheny County,* 402 Pa. 411, 414, 168 A.2d 123, 124 (1961), *rev'd on other grounds,* 369 U.S. 84 (1962), wherein it wrote: "A 'taking' occurs when *the entity clothed with the power of eminent domain* substantially deprives an owner of the beneficial use and enjoyment of his property." (Emphasis added.)

The Township is governed by The Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65101 et seq. Section 1503 of the Code, 53 P.S. §66503, authorizes the Township supervisors to acquire drainage rights-of-way by the exercise of eminent domain. Section 1504 of the Code, 53 P.S. §66504, requires the Township supervisors to make the necessary provisions for carrying drainage facilities beyond the limits of the Township and authorizes the supervisors to enter into contracts with other municipalities, corporations or persons to effectuate that mandate.

It is well established that the exercise of the power of eminent domain is necessarily in derogation of the right to hold property and that the authority to exercise that power should be strictly construed. *See Municipal Authority of Zelienople Borough Appeal,* 431 Pa. 306, 245 A.2d 451 (1968). It is also well settled that a municipal corporation is a creature of the sov-

---

[h]aving determined that the supervisors of a township of the second class have no powers of eminent domain beyond the borders of the township . . . we likewise determine that the township cannot be held liable on the theory of a de facto taking. As heretofore cited. . . a de facto taking can only be accomplished by an entity clothed with the powers of eminent domain.

*See In Re: Condemnationn of the Property of Thomas W. Golding and Nancy D. Golding,* 30 Bucks Co. L. Rep. 76 (1977).

ereign and possesses only those powers granted in express words, and those necessarily or fairly implied or incident to the powers expressly granted. *See In Re: The Incorporation of the Borough of Valley-Hi,* (1976, filed December 27, 1977.)

The Code, 53 P.S. §65101 et seq., does not explicitly grant extraterritorial condemnation powers to the Township, nor can they by necessary implication be implied. The Township is without authority to condemn land beyond its borders and therefore is not an entity "clothed with the power of eminent domain" beyond its borders. Accordingly, it may not effect a de facto taking.

ORDER

AND Now, this 15th day of February, 1978, the order of the Court of Common Pleas of Bucks County is affirmed.