In Re: Appeal of Ross F. DiMarco, Freeman C. DiMarco, Frank J. DiMarco, D. B. DiMarco, E. J. DiMarco, T. M. DiMarco, Trading as Angelo's. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued May 4, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Assistant Attorney General, *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE BLATT, June 27, 1978:

The Pennsylvania Liquor Control Board (Board) appeals here from an order of the Court of Common Pleas of Fayette County which reversed a decision of the Board and directed the transfer of a retail dis-

penser's eating place license owned by members of the DiMarco family (DiMarcos).

In September of 1972, the DiMarcos applied to the Board for a retail dispenser's eating place license for property owned by them and located in the City of Uniontown, Fayette County. The license was granted on a prior approval or conditional basis pursuant to Section 436 of the Liquor Code[1] (Code), 47 P.S. §4-436, but the property was never renovated for the use contemplated in the license and ultimately the license was returned to the Board for safe-keeping. In May of 1976, the DiMarcos filed an application with the Board for the transfer of the license to another property owned by them and located in North Union Township, Fayette County. The Board refused the transfer and the lower court reversed on appeal, and this appeal followed.

Our scope of review in a liquor license case is limited to a determination of whether or not the Board's order was supported by sufficient evidence and whether or not the lower court abused its discretion or committed an error of law. *In re Appeal of Skowronek*, 32 Pa. Commonwealth Ct. 423, 424, 379 A.2d 906, 907 (1977). The Board argues here that the lower court misapplied the relevant provisions of the Code in concluding that the transfer should be permitted.

The Board contends first that the lower court committed an error of law in holding that Section 468(a) of the Code, 47 P.S. §4-468(a), permitted the license to be transferred. This section provides in pertinent part:

> The board, in its discretion, may transfer an existing restaurant retail dispenser or club license from one municipality to another in the

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §1-101 et seq.

same county regardless of the quota limitations provided for in this act, if sales of liquor or malt and brewed beverages are legal in such other municipality and *if the restaurant retail dispenser or club lost the use of the building in which it was located due to governmental exercise of the right of eminent domain* and no other suitable building can be found in the first municipality. (Emphasis added.)

The lower court held that this section applied because a de facto taking of the DiMarcos' Uniontown property had occurred here, thus permitting the transfer. The Board argues, however, that the evidence presented before the lower court did not support the conclusion that a de facto taking of the DiMarcos' Uniontown property had occurred.

The evidence on which the lower court relied in reaching its conclusion of a de facto taking consisted principally of the testimony of the Director of the Uniontown Redevelopment Authority, who said that the property was located in an area which was scheduled to be redeveloped as part of a 12-year Authority program and that it *might* be acquired by the Authority some time within that period. He said, however, that no condemnation proceedings regarding this property had been initiated and that he could not say when, if at all, they would be. As we have previously held, a de facto taking occurs when an entity clothed with the power of eminent domain substantially deprives an owner of the beneficial use and enjoyment of his property. *Golding v. Township of New Britain,* 33 Pa. Commonwealth Ct. 635, 638, 382 A.2d 509, 511 (1978). The record here, however, does not indicate any activities on the part of the Authority which substantially deprived the DiMarcos of the use and enjoyment of the property concerned. Nor is there any evidence to support the lower court's conclusion that

a de facto taking had occurred. We must agree with the Board, therefore, that Section 468 of the Code provides no authority for the license now to be transferred.

The Board also argues that the conditional basis on which the license was originally granted prevents its being transferred until the Uniontown premises has been completed and the license put into operation at that location. The license here was issued pursuant to Section 436(b) of the Code, 47 P.S. §4-436(b), which provides in pertinent part:

> No such license shall be transferable *between the time of issuance or transfer of the license and the approval of the completed alterations or construction by the board and full compliance by the licensee with the requirements of this act,* except in the case of death of the licensee prior to full compliance with all of the aforementioned requirements, in which event the license may be transferred by the board as provided in section 468 of this act for the transfer of the license in the case of death of the licensee. (Emphasis added.)

In *Liquor Control Board v. Rauwolf,* 3 Pa. Commonwealth Ct. 95, 281 A.2d 205 (1971), we considered an identical prohibition on license transfers prior to the completion of construction which is found in Section 403(a) of the Code, 47 P.S. §4-403(a).[2] That licensee, despite serious efforts to comply with the statutory requirements, could not obtain the necessary building permits to finish construction. He then applied to transfer his license to a new owner at a new location, and we held that, where faced with the impossibility of finishing construction, prohibiting a licensee in

---

[2] Section 403 of the Code concerns the application for, and transfer of liquor licenses for clubs, hotels and restaurants.

such a position from effecting a transfer would be "an absurd or unreasonable result," *Rauwolf, supra,* 3 Pa. Commonwealth Ct. at 101, 281 A.2d at 208. The lower court here relied on *Rauwolf* in concluding that a transfer should also be authorized under Section 436(b), but although we might be inclined to interpret the identical language in Section 436(b) in a similar fashion, we believe that the facts in this case call for the transfer to be denied.

In *Rauwolf,* impossibility prevented the completion of the premises for which the license had been issued on a prior approval basis. In the present case, the reason why the DiMarcos did not complete the Uniontown premises was that they feared that the premises *might* be condemned some time in the future. This reason does not seem to us sufficiently compelling to justify modifying Section 436(b)'s non-transferability rule. The limitation on the transferability of licenses issued on a prior approval basis is expressly provided for in the Code and, although this Court has avoided applying this limitation in such a manner as to produce an unreasonble result, we are certainly not free to disregard it. *See Phelan v. Pennsylvania Liquor Control Board,* 30 Pa. Commonwealth Ct. 199, 202, 373 A.2d 794, 795 (1977). We agree, therefore, with the Board that Section 436 of the Code prevents the license from being transferred until the Uniontown premises has been completed and the license put into operation at that location.

The order of the lower court is reversed.

ORDER

AND Now, this 27th day of June, 1978, the order of the Court of Common Pleas of Fayette County, numbered 359 Civil 1976 and dated March 11, 1977 is hereby reversed.