John Sharp, Jr. and Albert Sharp, t/d/b/a Little Mansion Restaurant *v.* Pennsylvania Liquor Control Board, Appellant.

Argued May 11, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, for appellant.

*Robert Rade Stone,* for appellees.

OPINION BY JUDGE CRAIG, September 11, 1979:

The Pennsylvania Liquor Control Board (PLCB) appeals from a decision of the Court of Common Pleas of Allegheny County requiring the PLCB to renew the liquor license of John and Albert Sharp (licensees). We affirm the lower court.

The facts are not in dispute. On May 21, 1971, the PLCB approved the licensees' application for a place-to-place transfer of a restaurant liquor license, pursuant to Section 403(a) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-403(a), which states:

Every applicant for a hotel liquor license, restaurant liquor license or club liquor license or for the transfer of an existing license to another premises not then licensed shall file a written application with the board. . . . No physical alterations, improvements or changes shall be required to be made to any hotel, restaurant or club, nor shall any new building for any such purpose, be required to be constructed until approval of the application for license or for the transfer of an existing license to another premises not then licensed by the board. After approval of the application, the licensee shall

make the physical alterations, improvements and changes to the licensed premises, or shall construct the new building in the manner specified by the board at the time of approval, and the licensee shall not transact any business under the license until the board has approved the completed physical alterations, improvements and changes to the licensed premises, or the completed construction of the new building as conforming to the specifications required by the board at the time of issuance or transfer of the license, and is satisfied that the establishment is a restaurant, hotel or club as defined by this act. The board may require that all such alterations or construction or conformity to definition be completed within six months from the time of issuance or transfer of the license.

As permitted by Section 403(a), the PLCB required that all remodeling and construction on the new premises be completed within six months. Pending approval of the work, the PLCB held the license for safekeeping.

Numerous complications prevented the licensees from completing the remodeling and construction on time, but the PLCB renewed the license each year for five years. However, in 1976 the PLCB notified the licensees that, after April 30, 1977, the license would not be renewed. Nevertheless, in 1977, the licensees applied for an additional renewal, which the PLCB refused. The licensees appealed, and the PLCB held a hearing, after which it again refused to renew the license.

Under Section 464 of the Code, 47 P.S. §4-464, the licensees appealed to the lower court, which overruled the order of the PLCB and ordered the PLCB to renew the license. The PLCB then appealed to this court.

Additional facts are that from 1971 to 1977 the licensees made continued good-faith efforts to complete the new premises, including spending substantial sums of money. Only circumstances beyond their control delayed them.

To refuse them an additional renewal is not in keeping with the intent of Section 403(a), as discussed in *Liquor Control Board v. Rauwolf,* 3 Pa. Commonwealth Ct. 95, 281 A.2d 205 (1971), as follows:

> Section 403(a) is the result of an amendment to the Liquor Code passed in 1959. Prior to this amendment, it was necessary before the issuance of a license or the transfer of a license for the owner to physically complete the proposed place of business where the license would be used. Applicants were required to spend money, time and effort to comply with statutory requirements concerning the physical premises, without any guarantee that after the premises were complete, a license would be issued. The Board admits that the amendment was passed so that an individual could obtain a prior approval (in effect a conditional approval) before proceeding with the preparation of the premises where the license would be used. The individual thus had a prior guarantee that the license would be issued or transferred after the premises were completed in accordance with statutory requirements covering the physical premises.

3 Pa. Commonwealth Ct. at 99, 281 A.2d at 207.

*Rauwolf* dealt with a licensee who could not obtain the necessary building permits. Therefore, he applied for the transfer of his license to a new owner at a new location. We held that, when a licensee is faced with the impossibility of completing remodeling or construction, prohibiting a transfer "would certainly be

an absurd or unreasonable result. It would mean that the whole purpose of obtaining prior approval could be frustrated so far as an owner is concerned. In this case, Rauwolf was confronted with a situation which prevented the completion of his original plan and he may not now be precluded from further activity with regard to his license.'' 3 Pa. Commonwealth Ct. at 101, 281 A.2d at 208.

On the basis of *Rauwolf, supra,* we hold that, because of the licensee's lack of culpability in the present situation, the PLCB abused its discretion in refusing to renew the license. *See also Phelan v. Pennsylvania Liquor Control Board,* 30 Pa. Commonwealth Ct. 199, 373 A.2d 794 (1977).

If compliance with the six-month time limit is not within the licensee's power, forfeiture of the license should not result.

Hence the lower court decision is affirmed.

### ORDER

AND Now, this 11th day of September, 1979, the order of the Court of Common Pleas of Allegheny County, docket No. SA 190 of 1978, dated September 5, 1978, ordering the Pennsylvania Liquor Control Board to renew the liquor license of John Sharp, Jr. and Albert Sharp, t/d/b/a Little Mansion Restaurant, is affirmed.