William J. McCormick, t/d/b/a McCormick Water Company, Petitioner v. Pennsylvania Public Utility Commission and Harry Gettings, Mary Francis and Maria Motycki, Respondents.

Argued December 4, 1979, before Judges CRUMLISH, JR., MENCER, DiSALLE, CRAIG and MacPHAIL. President Judge BOWMAN and Judges WILKINSON, JR., ROGERS and BLATT did not participate.

*William Jon McCormick,* for himself, petitioner.

*Michael H. Kline,* Assistant Counsel, with him, *Shirley Rae Don,* Deputy Chief Counsel, and *George M. Kashi,* Chief Counsel, for respondents.

OPINION BY JUDGE MACPHAIL, January 9, 1980:

On August 14, 1978, the Pennsylvania Public Utility Commission (PUC) entered an order adopted June 15, 1978 sustaining the complaint of the customers of a private water company owned and operated by William J. McCormick, t/d/b/a McCormick Water Company (McCormick),[1] and directing McCormick to install, at his sole expense, a new main line in a public road (L.R. 62016), which runs past the complainants' homes.[2] Apparently the allegations of poor water quality in the complaint against McCormick have been or will be resolved by an agreement executed between McCormick and the Authority for the Borough of Charleroi and by McCormick ob-

---

[1] Incorrectly identified in the initial proceedings as McCormick Water Company.

[2] At the present time, McCormick's main line runs through the private property of McCormick's customers.

taining a permit to operate a public water supply from the Department of Environmental Resources.

In this appeal, McCormick contends that 1) the PUC order directing him to install a new line in the public road is somehow a de facto taking of the present main line within the provisions of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq. and 2) the PUC order is arbitrary, capricious and unreasonable in that it requires him to lay the new line at his own expense in a public right of way within 45 days.

Unless we find that McCormick's constitutional rights have been violated or that the PUC acted contrary to law or that it did not conform to procedural requirements or that its findings are not supported by substantial evidence, we must affirm. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

Petitioner's argument that the PUC order constitutes a taking under the Eminent Domain Code has no merit. The concept of "taking" has been enunciated by the Pennsylvania Supreme Court as follows: "A 'taking' occurs when the entity clothed with the power of eminent domain substantially deprives an owner of the beneficial use and enjoyment of his property." *Griggs v. Allegheny County,* 402 Pa. 411, 414, 168 A.2d 123, 124 (1961), *rev'd on other grounds,* 369 U.S. 84 (1962). Since the PUC is not clothed with the power of eminent domain, it cannot by definition effect a "taking" of property. *Golding Condemnation Case,* 33 Pa. Commonwealth Ct. 635, 382 A.2d 509 (1978). Moreover, we would also note that the PUC has not taken any of McCormick's private property. The order merely forbids McCormick to use the old water main to supply his customers because that main is not adequate to fulfill McCormick's obligation to serve his customers with an adequate and safe water

supply. It may well be that McCormick's future use of the present main and right of way in which the main is laid is limited, but nothing has been taken by the PUC from McCormick by law or in fact.

It is obvious that McCormick's principal complaint about the PUC order is that he feels his customers should contribute to the cost of laying the new line (which even he admits is needed).[3] The general rule that the cost of repairs and improvements is to be borne by the utility is based upon the statutory requirement that the utility provide reasonable and adequate service. Section 1501 of the Public Utility Code, 66 Pa. C.S. §1501. *Colonial Products Co. v. Pennsylvania Public Utility Commission,* 188 Pa. Superior Ct. 163, 171, 146 A.2d 657, 662 (1958). In special circumstances, participation by the customers may reasonably be expected. These circumstances are reviewed in *Ridley Township v. Pennsylvania Public Utility Commission,* 172 Pa. Superior Ct. 472, 94 A.2d 168 (1953). Here, the PUC argues that McCormick has failed to show any special circumstances which would indicate that his customers should contribute to the cost of the improvement. Our independent review of the record reveals that the PUC is correct.

Finally, McCormick argues that to require his compliance with the order within 45 days is arbitrary, capricious and unreasonable. The record indicates that the new pipe required by the order is 900 feet in length with a minimum diameter of 2 inches. Although McCormick argues that he may have some difficulty getting permits to lay the pipe in the public road and that there may not be room for his pipe because of utilities already located there, he has really offered no substantiated reason why he cannot per-

---

[3] The PUC order does require McCormick's customers to pay for their individual connections to the main line.

form the work required within the 45 day period. Certainly, if he cannot complete the job within that time period after making a reasonable effort to do so, he has the right to apply to the PUC for an extension of time and their refusal to grant such a request, if arbitrary, capricious or unreasonable, is reviewable.[4]

Because we find no merit in any of McCormick's arguments and are well satisfied that none of his constitutional rights have been abridged, that the PUC proceedings conform to statutory requirements and that there is substantial evidence to support the adjudication, we will affirm.

### ORDER

AND Now, this 9th day of January, 1980 the order of the Pennsylvania Public Utility Commission, dated June 15, 1978 and entered August 14, 1978, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.

---

[4] Section 703(g) of the Public Utility Code, 66 Pa. C.S. §703(g).