## Franklin Twp. Municipal Authority v. Clark

*Gregory K. Douglass,* for plaintiff.
*Kenneth E. Fox, Jr.,* for defendant.

CAIAZZA, J., May 31, 1985—Presently before the court is defendant's petition to strike a municipal claim filed against him by plaintiff, the Municipal Authority of the Township of Franklin, Beaver County (authority). A stipulation of facts has been entered into by the parties and the questions raised are solely legal issues.

The stipulation reveals the following: defendant resides upon property that is located primarily in Perry Township, Lawrence County, however a small portion of his property is located in Franklin Township, Beaver County. The authority constructed a sewer line that runs primarily through the portion of defendant's property located in Franklin Township.[1] Conjunctively, the Board of Supervisors of Franklin Township adopted Ordinance no. 47 requiring "[e]very owner of property in the Township of Franklin . . . whose property is accessible to and whose principal building is within 150 feet from the sewer system of the [authority]" to connect his home, at his own cost, to the sewer system.[2] See exhibit attached to stipulation of facts.

The creation of the sewer system was necessitated when a citation was issued to the Township of

---

1. A notice of condemnation of a right of way over defendant's property located in Lawrence County was filed relative to the construction of the sewer line at no. 88 of 983, Miscellaneous Division, Court of Common Pleas, Lawrence County, Pa.

2. The ordinance is similar to the provisions of §1501.1 of the Second Class Township Code, 53 P.S. §66501.1. The Act of May 1, 1933, P.L. 103, art. 1 §101, 53 P.S. §656101 et seq.

Franklin by the Pennsylvania Department of Environmental Resources ordering the township to abate the discharge of sewage into the waters of the Commonwealth.

Because defendant's home is located within 150 feet of the sewer system, the authority demanded that defendant connect into the sewer system. Defendant refused. The authority filed the present municipal claim in the amount of $1,500 plus interest and costs which represents what is unanimously referred to as a tap-in or connection fee.

Defendant's house is located wholly in Perry Township, Lawrence County. Defendant resides, pays taxes and votes in Lawrence County; his children attend school in Lawrence County.

Defendant argues that the authority cannot require him to connect to their sewer system, and thus extract payment of the concomitant tap-in fee, unless the township in which the authority is located has contracted with the township in which defendant resides to provide such services. See §1504 of the Second Class Township Code (code), 53 P.S. §66504.

The authority posits that it may require defendant to connect to its sewer system under the code and the ordinance enacted pursuant to the authority granted by the code. Specifically, the authority relies upon §1501.1 of the code, 53 P.S. §66501.1, which provides in part as follows:

"Whenever a sewer system is or shall have been established or constructed by a municipality authority within the Township of the second class, the Township Supervisors shall be empowered, by Ordinance, to compel all owners of property accessible to and whose principal building is within 150 feet from such sewer system to make connection therewith and use such sewer system in such manner as they

may order." In addition, the authority submits that if the court should find any ambiguity in the statute it should be guided by 1 Pa.C.S. §1921 and §1922 in construing the statute.[3]

Before addressing the merits of the parties' arguments, the court must first distinguish between the powers that are possessed by a township and the powers that are possessed by a municipal authority and their respective statutory origins. This important distinction is explained in Whitemarsh Township Authority v. Elwert, 413 Pa. 329, 196 A.2d 843 (1964) and Simon Appeal, 408 Pa. 464, 184 A.2d 695 (1962).

In Whitemarsh, the Supreme Court of Pennsylvania noted:

"In Simon Appeal, . . . we held that Municipality Authorities are not the creatures, agents or representatives of the organizing municipality. Rather, we held, they are independent agencies of the Commonwealth and part of its sovereignty. We further held, that powers of Municipality Authorities are contained in the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, as amended, 53 P.S. §301 et seq., [Act] and not in the codes granting powers to the various classes of municipalities of the Commonwealth." Whitemarsh, supra, at 332, 196 A.2d at 845. (Citations omitted.) The Supreme Court also observed that while certain procedural rules contained in the code of the local municipality may be followed by the authority, "[t]he substantive

---

3. The court notes that, "[m]unicipal corporations have no inherent powers and may do only those things which the legislature has expressly or by necessary implication placed within their power to do." Knauer v. Commonwealth, 17 Pa. Commw. 360, 363, 332 A.2d 589, 590 (1975); Gagliardi v. Ambridge Borough, 401 Pa. 141, 163 A.2d 418 (1960).

law governing the charges made by an authority is contained in the right given to it by the Legislature, its parent body, in the empowering statute, the Municipal Authorities Act." Id. at 336, 196 A.2d at 847 quoting Simon Appeal, supra, at 472, 184 A.2d at 699.

In the instant case the authority has been plaintiff throughout the proceedings. The authority constructed the sewer system and would be the recipient of any monies paid upon the municipal claim by defendant. Accordingly, the court will examine the applicable provisions of the Municipality Authorities Act (act) to determine whether the authority can collect the tap-in fee.

Section 306 B of the act provides the authority with the following powers:

"(r) To charge the cost of construction of any sewer or water main constructed by the Authority against the properties benefited, improved or accommodated thereby to the extent of such benefits. Such benefits shall be assessed in the manner provided by §11 of this act for the exercise of the right of eminent domain.

"(t) To charge a tapping fee whenever the owner of any property connects such property with a sewer system or water main constructed by the Authority which fee shall be in addition to any charges assessed and collected against such property in the construction of such sewer or water main by the Authority or any rental charges assessed by the Authority . . . ." (footnote omitted). Section 11 of the act refers to 53 P.S. §314. Section 314 of the Municipality Authorities Act provides that an authority may exercise the power of eminent domain "either within or without the municipality . . ." See also Municipal Authority of Zelienople, 431 Pa. 306, 245

A.2d 451 (1968); Upper Dublin Township Authority v. Piszek, 420 Pa. 536, 218 A.2d 328 (1966).

Our Supreme Court has taken notice of the ability of an authority to reach across township boundaries for eminent domain purposes:

"[Municipal authorities] exercise certain powers and perform certain functions both within and without the municipal limits of the incorporating municipality, within certain constitutional and statutory limitations, and rightly so. It is the very nature of many of the various purposes set forth in the Municipality Authorities Act that dictate such a course if Authorities are to accomplish the purposes intended under the Act in an efficient and economical manner and for the benefit and health of all the people of this Commonwealth." Simon Appeal, supra, at 469, 184 A.2d at 698.

Consequently, for purposes of eminent domain, the authority is expressly entitled to extend its power beyond township boundaries. However, subsections (r) and (t) of §306 B of the Municipality Authorities Act do not expressly provide the authority with the power to exercise its jurisdiction beyond township boundaries for the purpose of charging a tap-in fee. Recognizing this fact, plaintiff properly proceeded to examine §1501.1 of the Second Class Township Code to locate a statutory basis upon which to bottom its theory of recovery.

A reading of §1501.1 of the code, 53 P.S. §66501.1, reveals that township supervisors are empowered to compel all owners of property within 150 feet of a sewer line to make connection with the sewer systems. However, there is no language in the Second Class Township Code authorizing the township supervisors to compel owners of property, both within and without the municipality, to connect into the sewer system.

In ascertaining the intention of the Pennsylvania General Assembly the court must presume that the legislature intended the statute to be both effective and certain. 1 Pa.C.S. §1922(3).

A reading of the original municipal claim reveals that it was primarily a charge for a tap-in fee. Section 306 B(r) of the act enables an authority to assess the cost of constructing a sewer system if the subject property is benefited, improved or accommodated notwithstanding any limitations imposed by the code granting power to a township. Simon Appeal, supra. Because defendant's residence is adjacent to the sewer system it is reasonable to presume that his property could be benefited, improved or accommodated. Whitemarsh, supra.

However, if the legislature intended the statute to empower the authority to extend its area of jurisdiction across township boundaries, it should have inserted an enabling provision in the act authorizing an authority to compel a non-resident to connect into the sewer system if the property is benefited, improved or accommodated.[4]

Consequently, to satisfy the element of certainty of legislation, if the legislature intended the jurisdiction of the municipal authority to extend beyond the boundaries of the township in the manner now sought by plaintiff, it should have inserted express language into the act.

Having failed to do so, this court can find no statutory basis upon which the Municipal Authority of Franklin Township can extend its jurisdiction beyond Beaver County for the purpose of charging a tap-in fee to a Perry Township, Lawrence County resident.

---

4.   See 53 P.S. §306 B(r).

## ORDER OF COURT

Now, May 31, 1985, defendant's petition to strike the municipal claim filed by plaintiff is hereby granted pursuant to the appended memorandum opinion.