537 A.2d 386

John L. Harris, Appellant v. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

468

Argued October 8, 1987, before Judges BARRY, COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Louis E. Caputo, Caputo* & *Caputo, P.C.,* for appellant.

*Felix Thau,* Deputy Chief Counsel, for appellee.

OPINION BY JUDGE BARRY, February 17, 1988:

John Harris (appellant) appeals an order of the Court of Common Pleas of Indiana County which affirmed an order of the Pennsylvania Liquor Control Board (LCB) refusing appellant's request to transfer his liquor license to another location.

Appellant held the liquor license for an establishment which was located in the Borough of Blairsville, Indiana County. Appellant leased the premises from John Milazzo. In 1980, plans were made to build a health care center at the same location. Mr. Milazzo informed appellant that he wished to sell his building and would do so if appellant could also reach an agreement for the sale of his business. Negotiations for this latter sale, however, proved fruitless.

On November 14, 1980, the borough manager and the president of council wrote a letter to Milazzo, which read as follows:

This letter is in regard to the above project in which the Borough Council has requested its Solicitor to look into the 161 E. Market St. property, and the possibility of condemnation procedure of such.

The Borough is ready to take the necessary measures to resolve this matter, so to permit this project to get underway.

It is our understanding that some sort of agreement is being worked out by the tenant, Mr. Harris; we will therefore, hold off with any action, pending the outcome of any negotiations in effect at this time.

Shortly after receipt of this letter, Milazzo and appellant entered into an agreement with Market Street Associates, the private developer, where appellant was paid $2500 for the cancellation of the remainder of his lease. Appellant then placed his license in safekeeping.

Appellant was unable to find a suitable location in the borough for his business. In October of 1984, he applied to the LCB for a transfer of the license to a location in White Township which was owned by his mother. The LCB denied the request, holding that Section 468 of the Liquor Code, Act of April 12, 1951, P. L.

90, *as amended*, 47 P.S. §4-468 (Supp. 1987), was not applicable. That Section provides in pertinent part:

The Board, in its discretion, may transfer an existing restaurant or club license from one municipality to another in the same county regardless of the quota limitations provided for in this act, if the sales of liquor or malt and brewed beverages are legal in such other municipality and if the restaurant or club lost the use of the building in which it was located due to governmental exercise of the right of eminent domain and no other suitable building can be found in the first municipality.

Appellant sought relief from the trial court which, following a hearing, affirmed the LCB's order. This appeal followed.

Appellant claims that both the Board and the trial court committed an error of law in holding that Section 468 did not apply. Appellant argues that he is entitled to have the transfer approved by virtue of that Section. Appellant argues that there was a de facto condemnation which is sufficient to place him within the ambit of Section 468.

In *Angelo's Liquor License Case*, 36 Pa. Commonwealth Ct. 338, 387 A.2d 1328 (1978), the licensee argued that Section 468 was applicable. There, the building was located within an area scheduled for redevelopment by the Uniontown Redevelopment Authority. The director of the Authority testified that the redevelopment plan was to be completed within twelve years; he testified that the licensee's building might be condemned in the future but that no condemnation proceedings had been commenced against the property. The trial court found that no de facto taking had occurred, thereby rendering Section 468 inapposite. We affirmed.

We believe the facts in the present case are distinguishable from *Angelo's*. Here there was an immediate threat to begin condemnation proceedings unless an agreement was reached which would render unnecessary such condemnation. Rather than facing the mere possibility of condemnation sometime within the next twelve years, appellant here had the proverbial gun placed to his head during the negotiations by the borough's express threat to condemn unless an agreement was reached.

Other than *Angelo's*, we can find no cases directly on point. We do believe, however, that *Conroy-Prugh Glass Co. v. Commonwealth*, 456 Pa. 384, 321 A.2d 598 (1974), is instructive. There, a building owner alleged that a de facto taking of his property had occurred. Although seven alternate plans for the highway had been submitted by the Department of Transportation, none had been formally approved, but each of the seven plans involved the complete taking of the building owner's property. Because the property owner had lost so many tenants that it could no longer even meet operating expenses and because of the inevitability of the taking, the Supreme Court held that a de facto taking had occurred. We believe *Conroy-Prugh* is important because of the Supreme Court's reliance upon the inevitability of the taking. Similarly, in the present case, the taking was styled inevitable if appellant did not reach an agreement for the sale of his leasehold. Under these circumstances, we believe that Section 468 is applicable and that a remand is required for the following reasons.

To activate that section, we find that three conditions must be met. (1) The building housing the licensee's premises must be lost by eminent domain. Our previous discussion shows that this condition has been satisfied. (2) The licensee must be unable to find a suitable building in the original municipality. The trial

court specifically found that appellant, despite a search, was unable to find a building within the borough. Finally, (3) the municipality to which the transfer is sought must permit the sale of alcoholic beverages. The trial court made no finding on this question. Furthermore, Section 468 gives the Board *discretion* in transferring a license when these three conditions are met. As the Board committed an error of law in deciding that Section 468 did not apply, it never performed its statutorily mandated duty of exercising its discretion in this regard.

### ORDER

NOW, February 17, 1988, the order of the Court of Common Pleas of Indiana County, dated February 13, 1986, at No. S.A. 345 Misc. 1985, is vacated and the matter is remanded to that court with directions that it remand the matter to the Pennsylvania Liquor Control Board for further proceedings.

Jurisdiction relinquished.