**ENVIRONMENTAL INDUSTRIES, INC., d/b/a Morgan Environmental Services individually and as Assignee of Mon Valley Sanitary Landfill, Inc. and Assignee of Henderson Road Enterprises, Inc., Appellant,**

v.

**Robert P. CASEY, Governor of the Commonwealth of Pennsylvania, and Commonwealth of Pennsylvania.**

Commonwealth Court of Pennsylvania.

Argued March 12, 1996.
Decided April 25, 1996.

Thomas B. Rutter, for Appellant.

Dennis W. Strain, Assistant Counsel, for Appellee.

Before COLINS, Presiding Judge, SMITH, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Environmental Industries, Inc. d/b/a Morgan Environmental Services (Morgan) appeals from an order of the Court of Common Pleas of Washington County that sustained the preliminary objections of Robert P. Casey, Governor, and the Commonwealth of Pennsylvania and dismissed Morgan's petition for appointment of a board of viewers brought pursuant to the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101—1–903. We affirm.

The petition filed by Morgan requesting the appointment of a board of viewers alleges that Morgan is the assignee of Mon Valley Sanitary Landfill, Inc. (Mon Valley), a former owner of the landfill at issue and holder of a permit issued by the Pennsylvania Department of Environmental Resources (DER), and Henderson Road Enterprises, Inc., an owner of land located near the landfill. Morgan alleges that these assignments consist of all right, title and interest in any condemnation award resulting from this suit.

Morgan also alleges that Mon Valley was engaged in acquiring more real estate to accommodate an expected increase in disposals and directed Morgan, as the landfill operator, to seek a permit from DER for the expansion of the landfill. Morgan prepared and submitted the modification application; however, as a result of Executive Order 1989–8 [1] issued on October 17, 1989 by Gov-

1. Executive Order No. 1989–8 issued by Governor Casey was addressed to DER and directed: (1) an interim moratorium on review of permit applications unless seventy percent (70%) of the waste to be deposited on the landfill came from Pennsylvania (the moratorium was to last until

ernor Casey, Morgan alleges that the costs associated with expansion became prohibitive and that its pending application had to be withdrawn. Morgan further alleges that as a result of the Executive Order the fair market value of the property was reduced from fifteen million dollars to zero.

Morgan additionally alleges that the real estate acquisition program engaged in by Mon Valley cost in excess of a million dollars; that this program was based on the understanding that Mon Valley and Morgan, as the landfill operator, would continue to be permitted to accept, without restriction, municipal solid waste generated outside the boundaries of Pennsylvania; and that the issuance of the Executive Order, which restricted the capacity to accept out of state waste, resulted in a de facto taking.[2]

Governor Casey and the Commonwealth (Defendants) filed preliminary objections to Morgan's petition for the appointment of a board of viewers. The Defendants' preliminary objections allege that: (1) the Governor is not a proper defendant; (2) BFI, an indispensable party, was not joined; (3) Morgan failed to exhaust administrative remedies by way of a final decision from DER followed by an appeal to the Environmental Hearing Board; (4) Morgan failed to state a cause of action for a de facto taking; and (5) Morgan is not a proper plaintiff because it is neither the landowner nor the applicant for a permit. The Commonwealth also argued that Morgan's petition should be dismissed for inactivity.

The trial court recognized that, when reviewing preliminary objections to a petition for the appointment of a board of viewers, all allegations in the petition are to be taken as true and all reasonable inferences should be viewed in the light most favorable to the non-moving party. The determination then centers on whether the averments in the petition are sufficient to state a cause of action for a de facto taking.[3]

Following this statement of the law, the trial court for purposes of its decision assumed that Morgan had a legal interest in the property (as an assignee), despite the Defendants' contention that the assignment documents were not a part of the record. However, the trial court determined that the Governor could not be named a party defendant because he is not an acquiring agency vested with the power of eminent domain.[4] Although the trial court acknowledged that the Commonwealth is an acquiring agency, it found that Morgan did not aver that the Commonwealth had done anything. Simply, the trial court reasoned that the Commonwealth did nothing, that the acts of the Governor cannot be deemed a taking and, therefore, Morgan had not filed suit against a proper party. Moreover, the trial court also held that the Executive Order did not in and of itself impair any property right nor deprive Morgan of the use and enjoyment of the property. Thus, the trial court sustained the first and fourth preliminary objections, finding it unnecessary to address the others.

On appeal to this Court,[5] Morgan raises several issues for our review. They

---

DER developed a municipal waste plan); (2) the establishment of maximum daily waste volumes at existing landfills; (3) the development of a ten year plan for the disposal of municipal waste generated within the Commonwealth; and (4) the issuance of orders or the promulgation of regulations to implement the Executive Order. We note that Executive Order 1989–8 was declared invalid and unenforceable by this Court on November 25, 1991. *See National Solid Wastes Management Assoc. v. Casey,* 143 Pa. Cmwlth. 577, 600 A.2d 260 (1991), *aff'd,* 533 Pa. 97, 619 A.2d 1063 (1993).

2. Other facts related by the trial court in its opinion concern the acquisition of the landfill property by Browning–Ferris Industries (BFI) November 30, 1989, a matter of a few weeks subsequent to the issuance of the Executive Or-

der. After its purchase of the landfill property, BFI corresponded with DER concerning the permit application and upon receipt of an intent to deny letter dated April 3, 1990 from DER, BFI voluntarily withdrew its application.

3. *See In re Ramsey,* 20 Pa.Cmwlth. 207, 342 A.2d 124 (1975).

4. Section 201 of the Code, 26 P.S. § 1–201, defines "acquiring agency" to mean "any entity vested with the power of eminent domain by the laws of the Commonwealth, including the Commonwealth."

5. Our scope of review, where the court sustains the preliminary objections, is limited to whether there is competent evidence in the record to

are: (1) whether the averments in the petition are sufficient to state a cause of action for a de facto taking; (2) whether Morgan's alleged failure to exhaust administrative remedies is unrelated to the issue of the Governor's Executive Order constituting a taking; (3) whether the Governor was properly named a party defendant against whom relief may be granted; (4) whether a claim of prejudice due to inactivity on the docket is a proper reason for the dismissal of Morgan's petition; and (5) whether Morgan is a proper party in interest to prosecute this eminent domain action.

A de facto taking under Section 1–502(e) of the Code occurs whenever an entity clothed with the power of eminent domain substantially deprives an owner of the use and enjoyment of his property. *McCracken v. City of Philadelphia,* 69 Pa.Cmwlth. 492, 451 A.2d 1046 (1982). Where a de facto taking is alleged, the property owners bear a heavy burden of proof and must show that exceptional circumstances exist which substantially deprive them of the use of their property and, further, that the deprivation is the direct and necessary consequence of the actions of the entity having the power of eminent domain. Id. *Zettlemoyer,* 617 A.2d at 53. *Also see Moore v. Department of Environmental Resources,* 660 A.2d 677 (Pa.Cmwlth.1995) (court must consider whether governmental entity, clothed with power of eminent domain, has substantially deprived landowner of use and enjoyment of property).

■ We begin by examining whether the Governor was a properly named party defendant against whom relief may be granted. The question is whether the Governor is an entity clothed with the power of eminent domain. Morgan contends that the Governor possesses the supreme executive power of the Commonwealth and that he was acting as an agent of the Commonwealth, an entity having eminent domain power. Morgan also points out the Governor is classified as a Commonwealth agency under Section 102 of the Judicial Code, 42 Pa.C.S. § 102, and, therefore, can qualify as an acquiring agency under the Eminent Domain Code. Even if we agreed with this reasoning espoused by Morgan, that the Governor could be deemed an acquiring agency, Morgan has not provided any citations to any statutes or regulations that give the Governor eminent domain power.

We rely on this Court's opinion in *Moore,* wherein the court held that DER's actions in mistakenly claiming an ownership interest in subsurface oil and gas rights which it believed had reverted to it when it acquired ownership of the surface, was not a de facto taking. The court's decision rested upon DER's limited power to acquire land by condemnation. The *Moore* court held that although DER has the power to acquire land to hold as a state forest it has not been given the power to acquire land in order to develop oil and gas leases. Thus, DER could not be held to have exercised the power of eminent domain without the express or necessarily implied condemnation power. *See also Golding v. Township of New Britain,* 33 Pa. Cmwlth. 635, 382 A.2d 509 (1978).

■ Both the *Moore* and the *Golding* opinions provide that a de facto taking must begin with an examination of whether the condemnor is an entity that has the power of eminent domain. Without that power vested in an alleged condemnor, no cause of action for a de facto taking can stand. Therefore, having determined that the Governor is not a proper party defendant because he is not clothed with the power of eminent domain and that Morgan has failed to allege any action by the Commonwealth itself, we hold that Morgan has failed to state a cause of action for a de facto taking.

Accordingly, we affirm the trial court's order sustaining Defendants' preliminary objections and dismissing Morgan's petition.

SMITH, J., concurs in result only.

---

support the findings made or whether an error of law was committed. *Zettlemoyer v. Transcontinental Gas Pipeline Corp.,* 151 Pa.Cmwlth. 393, 617 A.2d 51 (1992). Moreover, we recognize that although an evidentiary hearing must be conducted by the trial court to determine wheth-er a compensable injury was suffered, *In re Condemnation by Department of Transportation,* 83 Pa.Cmwlth. 184, 476 A.2d 519 (1984), none was held in this case. Here the parties agreed that the trial court could rely upon pleadings and briefs submitted to the court.

## ORDER

NOW, April 25, 1996, the order of the Court of Common Pleas of Washington County, dated June 7, 1995, at Civil Action No. 91–548, is affirmed.