## North Coventry Township v. Pottstown Borough Authority

C.P. of Chester County, no. 01-00674.

*Lawrence R. Weider,* for plaintiff.
*Elizabeth A. Witmer,* for defendant.

GAVIN, *J.,* October 25, 2001—Presently before the court are the preliminary objections of Pottstown Borough Authority to North Coventry Township's declaration of taking. North Coventry Township is seeking to exercise the power of eminent domain to condemn the water distribution system (water lines, pumps, meters, tanks and other facilities) located within its boundaries, but owned and operated by the authority.

## BACKGROUND

Pottstown Borough Authority supplies portions of North Coventry Township with water. The authority owns and operates a water distribution system within the township composed of storage tanks, pumping stations, water lines, fire hydrants and usage meters. On January 24, 2001, the township filed a declaration of taking exercising the right of eminent domain to condemn the water system. The declaration of taking alleged that condemnation was necessary to secure sufficient water for the township's fire protection and was authorized by Pennsylvania's Second Class Township Code (53 P.S. §§65101-68701). On February 22, 2001, the authority filed preliminary objections to the declaration of taking alleging, inter alia, that the Second Class Township Code does not explicitly confer a right to the township to exercise the power of eminent domain against another municipality's property.

## DISCUSSION

The question before the court is whether the township has the requisite legislative authority to exercise the power of eminent domain to appropriate the water distribution system that the authority owns and operates within the township's boundaries.

A municipal corporation possesses only those powers granted in express words, and those necessarily or fairly implied or incident to the powers expressly granted. *Golding v. New Britain Township,* 33 Pa. Commw. 635, 639, 382 A.2d 509, 511 (1978). "Eminent domain powers arise only when the legislature 'points out the occasions, the modes and the agencies for its exercise . . . the body to which the power is entrusted has no authority beyond that legislatively granted.' " *Condemnation of 110 Washington Street,* 767 A.2d 1154, 1159 (Pa. Commw. 2001), quoting *Interstate Cemetery Company Appeal,* 422 Pa. 594, 596-98, 222 A.2d 906, 908-909 (1966). The authority to condemn must be strictly construed. *Olson v. Whitpain Township,* 141 Pa. Commw. 270, 274, 595 A.2d 706, 708 (1991).

Determining whether the legislature has granted the township power to condemn the authority's water system requires construction of two provisions of the Second Class Township Code. The code addresses the acquisition of water systems at 53 P.S. §67601, "contracts with water companies and municipal corporations and acquisition of water systems." The code addresses acquisition of water protection services at 53 P.S. §66802, "fire hydrants and water supply."

In 53 P.S. §67601(a) the code grants second class townships the authority to contract for the use of municipally owned water systems. The provision states:

"The board of supervisors may by contract with any private corporation or any adjacent municipal corporation owning a waterworks system provide water for public and private uses, to be delivered through lines owned by that company or municipal corporation within the township. The contract shall provide the manner by which the cost of the water service shall be paid by the consumers."

The code explicitly grants second class townships power to exercise the right of eminent domain to acquire privately owned water systems, with the Public Utility Commission's approval, at 53 P.S. §67601(b). This provision states:

"The board of supervisors may purchase or acquire a privately owned water system to provide water for public and private uses. If a privately owned water company fails to render service as required by the Pennsylvania Public Utility Commission, the board of supervisors may with the approval of the Pennsylvania Public Utility Commission exercise the right of eminent domain to acquire the water system of the water company to provide water for public and private uses."

At 53 P.S. §66802(a), the code grants second class townships the power to "provide for or acquire a water supply system equipped to supply sufficient water for the protection of property from fire."

Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same

class of persons or things. 1 Pa.C.S. §1932(a). The above-cited provisions relate to the same thing—the acquisition of water systems—and are therefore in pari materia. Statutes in pari materia are to be construed together, if possible, as a single statute. 1 Pa.C.S. §1932(b). Reading the above-quoted statutes together presents no difficulty, as they are perfectly consistent. The provisions authorize second class townships to exercise eminent domain to condemn privately owned water systems only. They do not authorize North Coventry Township to condemn Pottstown Borough Authority's water system, since it is a water system owned by a municipal corporation.

The township also claims however, that power to condemn the authority's water distribution system is implied in the fire protection provision. In light of section 67601, it is difficult to conclude that the legislature intended to imply the power of eminent domain to appropriate municipally owned water systems in section 66802. If the legislature intended to empower second class townships to exercise the power of eminent domain to appropriate municipally owned water systems, it could have done so explicitly in section 67601, where the grant of eminent domain power to appropriate privately owned water systems appears. Instead, the legislature drafted a provision that addresses the acquisition of privately owned water systems and municipally owned water systems. and granted townships the power of eminent domain to condemn only one, and only the power to contract for the use of the other. The provision addresses the subject in great detail. In view of the well-established, previously cited rule that requires that grants of eminent domain be

strictly construed, I find that the legislature did not intend to imply the power of eminent domain to appropriate municipally owned water systems.

Additionally, the township contends that the word "acquire" used in section 66802 should be read to include the power to exercise eminent domain over municipally owned water systems. I do not agree, for this construction of the term is not supported by a review of other provisions of the Second Class Township Code. Other provisions of the code which grant townships the right to acquire property specifically include "eminent domain" in this right. (See 53 P.S. §§67104, 67201, 67312, 67501.) Thus, it is clear that when the legislature intended the term "acquire" to encompass the exercise of eminent domain, it specifically stated so, as it did in the above-cited examples. Accordingly, the township's argument for a permissive reading of the statute is unpersuasive.

Finally, I note that the township presented evidence at the hearing on this matter that low pressure plagues the water system at issue and impairs its capacity to fight fires. My conclusion that the township lacks authority to exercise the right of eminent domain over the authority's water system does not convey any opinion regarding the adequacy of the service that the Pottstown Borough Authority is providing to North Coventry Township. In light of the foregoing, I enter the following:

## ORDER

And now, October 25, 2001, upon consideration of Pottstown Borough Authority's preliminary objections

to North Coventry Township's declaration of taking, response thereto, and hearing held, it is hereby ordered and decreed that the objections are sustained and the declaration of taking filed January 24, 2001 is hereby dismissed.

Pursuant to 26 P.S. §1-406(e), Pottstown Borough Authority is entitled to damages, to be assessed as provided for in 26 P.S. §1-408.