## Canon *v.* Pennsylvania Trust Co., Admr. c. t. a., Appellant.

Argued October 9, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Frank R. S. Kaplan*, with him *William H. Coleman*, for appellant.

*Franklin A. Ammon* and *Louis L. Kaufman*, for appellee, were not heard.

PER CURIAM, November 23, 1931:

Plaintiff is engaged in the City of McKeesport in the business of selling building materials. Beginning May 31, 1927, and continuing until September 28th of that year, he furnished and delivered sand, gravel, cement and other building materials to a house in course of construction for Antonio Certelli, defendant's decedent, by one, DePodesta, as contractor. This action was brought to recover for the materials so furnished. Certelli died testate December 17, 1929, subsequent to the bringing of this action and defendant trust company, administrator c. t. a. was substituted as defendant. At the trial a verdict was rendered for plaintiff in the full amount of his claim. A new trial was refused and defendant appealed.

Two questions are presented by this appeal: (1) Was Anderson, with whom the agreement for purchase of the materials was made, a competent witness for plaintiff? and, (2) Is the verdict against the weight of the evidence?

Anderson testified his position was that of manager of the River Shipping & Supply Company and had been such for five years, that he was not interested in

the business except as a salaried employee. The witness being challenged as incompetent under legislation relating to the competency of witnesses in event of death of a party to the contract in action, and there being no evidence questioning that of the witness as to his connection with plaintiff, he was properly held not to be incompetent under the provisions of the Acts of April 15, 1869; May 23, 1887, and June 11, 1891. In Sargeant v. Insurance Co., 189 Pa. 341, 345, this court said, "The act does not exclude agents, but parties, surviving parties, when the other party is dead. But an agent is not a party to the thing or contract in action. It is the principal for whom the agent acted who is the surviving party to the contract." The witness testified that Certelli and DePodesta visited plaintiff's office and arranged to purchase the building materials now sued for, that Certelli, upon being asked who would pay for the supplies, stated "DePodesta was his contractor and he wanted to build this building; and I told him at this time Mr. DePodesta was involved and he said that didn't make any difference to him, he was going to build the building and going to go through with it, and said he [Certelli] would pay all bills, and requested that the charges be made in DePodesta's name, and when bills came around at the end of the month he could check it up and Mr. DePodesta would know whether he received the goods or not." This testimony was corroborated by another employee of plaintiff who was present at the time and took part in the conversation.

DePodesta, called by defendant, testified the contract for the sale of the materials was made with him and not Certelli; that statements were sent him, and that Certelli did not agree to pay the account. The testimony of this witness was at times evasive and not convincing. However, it may appear from reading the record a question of fact was raised, which was fairly submitted to the jury and determined in favor of plaintiff.

Whether or not the verdict was against the weight of the evidence was for the consideration of the court below (Maloy v. Rosenbaum Co., 260 Pa. 466, 472; Hartig v. American Ice Co., 290 Pa. 21, 33), and not this court. The trial judge saw the witnesses and heard them testify, and states in his opinion refusing a new trial: "There was ample evidence to sustain the verdict and we are unable to say that it was against the weight of the evidence." After reading the testimony of the various witnesses, we see no reason for reaching a contrary conclusion.

Judgment affirmed.