In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation etc. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued December 13, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three. Reargued December 6, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*William J. Cressler,* Assistant Counsel, with him, *Andrew H. Cline,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Donald H. Lipson,* with him, *Steven A. Bergstein, Lipson, Zieger & Roth,* for appellee.

OPINION BY JUDGE BARRY, June 11, 1984:

Appellant, Pennsylvania Department of Transportation (DOT), seeks review of an order of the Court of Common Pleas of Northampton County, which dismissed preliminary objections to a petition for the appointment of viewers.

Appellee, David Oxford, filed a petition for the appointment of a board of view to assess damages against DOT pursuant to Section 417 of the State Highway Law (Law)[1] claiming that DOT improperly

---

[1] Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. §670-417, Section 417 provides:

The department shall have authority to enter upon any lands or enclosures, and cut, open, maintain, and repair such drains or ditches, inlets or outlets through the same as are necessary to carry the waters from roads, highways, or within, at the top, or base of, slope areas, constructed or improved at the expense of the Commonwealth or under its supervision. Any damages sustained by the owner or owners of land entered upon by the department for such purposes, shall be paid in the same manner as provided by this act in the construction of State highways. The determination of the amount of damage shall be in accordance with the provisions of Article III of this act. (Footnotes omitted.)

cleaned and maintained three drainage channels over the appellee's property. The appellee's petition averred that DOT's work made his land useless for farming because the flow of water over the land had been changed.

DOT filed preliminary objections in the nature of a demurrer to the petition denying liability under either Section 417 of the Law or the Eminent Domain Code (Code).[2] Thereafter, a hearing on the preliminary objections elicited testimony from both parties regarding the Commonwealth's drainage system in the subject area.

The trial court dismissed the preliminary objections and sent the matter to the viewers for further hearing, stating that damages should be sought under the settled procedure of the Law rather than under the Code.

DOT contends that the Code governs the determination of damages under the Law because Article III of the Law was repealed by the Act of December 7, 1979, P.L. 478, No. 100 (Act 100). Act 100 provided no procedure to replace the provisions of Article III.

We agree with DOT that the Code properly governs this proceeding. By repealing Article III, the obvious intent of the Legislature was to have all eminent domain proceedings arising under the Law governed by the Code.

In *Jacobs v. Nether Providence Township,* 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972), we noted that the Code procedures applied to petitions alleging either a de facto taking *or compensable injury. See also, Department of Transportation v. Ambrosia,* 24 Pa. Commonwealth Ct. 8, 354 A.2d 257 (1976); *Valley*

---

[2] Act of June 22, 1964 (Special Sess.), P.L. 84, *as amended,* 26 P.S. §§1-101-1-902.

*Forge Golf Club v. Upper Merion Township,* 422 Pa. 227, 221 A.2d 292 (1966). These cases further indicate that the Code provides the exclusive procedure by which eminent domain matters are governed. Although they were decided before the passage of Act 100, we believe these cases provide guidance for us in the present controversy.

Section 303 of the Code, moreover, provides that the Code should govern all condemnations of property for public purposes and assessment of damages. Section 303 of the Code states: "[I]t is intended by this Act to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages thereof, except as provided in Section 901. . . ." This case does not fall under any exception provided in Section 901 of the Code.

Preliminary objections under the Code serve a broader purpose than do preliminary objections in other cases. *City of Philadelphia v. Airportels,* 14 Pa. Commonwealth Ct. 617, 322 A.2d 727 (1974). A trial court must conduct an evidentiary hearing to determine whether a compensable injury occurred in order to dismiss the preliminary objections. *City of Philadelphia v. Martorano,* 38 Pa. Commonwealth Ct. 573, 394 A.2d 674 (1978). The trial court in this case dismissed the preliminary objections on the basis of the allegations in the appellee's petition and did not consider the facts and evidence produced at the hearing. The trial court, therefore, failed to determine if the appellee had suffered a compensable injury, a determination which must be made before the matter may proceed to further hearing by the viewers.

Eminent domain proceedings are governed exclusively by the Eminent Domain Code. Under the Code, an evidentiary hearing must be conducted to determine whether there has been a compensable in-

jury suffered before preliminary objections may be dismissed. The trial court erred by not following this rule of law. We, therefore, reverse the order of the trial court and remand the case for further proceedings not inconsistent with this opinion.

### ORDER

Now, June 11, 1984, the order of the Court of Common Pleas of Northampton County, No. 1980 CM-3223, dated February 25, 1981, dismissing preliminary objections to the petition for the appointment of viewers is reversed and remanded for further proceedings not inconsistent with this opinion.

Jurisdiction relinquished.

