525 A.2d 877

Thomas D. Carl, a minor by and through his parent and natural guardian, Gloria M. Carl, Appellant *v.* Banks Engineering Company, et al., Appellees.

148

Argued March 27, 1987, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*H. Keith Hauger,* for appellants.

*Stephen R. Mlinac,* with him, *Kenneth S. Mroz, Dickie, McCamey & Chilcote, P.C.,* for appellee, Franklin Regional School District.

OPINION BY SENIOR JUDGE NARICK, May 14, 1987:

This is an appeal from an order of the Court of Common Pleas of Westmoreland County granting a motion for summary judgment in favor of Franklin Regional School District (School District). We affirm.

On February 1, 1983, Thomas Carl, through his parent and natural guardian, Gloria Carl (Appellants), commenced an action in trespass against Banks Engineering Company (Banks). Pursuant to a complaint filed by Banks on June 17, 1983, the School District was joined as an additional Defendant.[1] On October 5, 1984, the School District filed a motion for summary judgment, and argument was heard on this motion before an en banc session of the Westmoreland County Court of Common Pleas on December 21, 1984. The court of common pleas issued an order granting the motion for summary judgment on May 7, 1985. Appellants have appealed this order.

The relevant facts are as follows. Thomas Carl attended the 1981 Murrysville Community Day. This event was sponsored by the Municipality of Murrysville Parks Commission. The Community Day Executive Committee which was authorized to act on behalf of the Parks Commission was responsible for planning this community affair. Michele Clarke and Joel Rosen were co-chairpersons of the Community Day Executive Committee. The School District donated land and school facilities for the affair. As a convenience to those attending the Community Day festivities a hayride was provided in order to transport people from the parking area to the exhibition area. Banks provided the tractor-trailer, driver and supplies for the hayride. The route

---

[1] Banks also joined as additional defendants the East Suburban Chamber of Commerce, Ralph Aiello, t/d/b/a Burger King Restaurant; however, they did not participate in the instant appeal.

used for the hayride was partly located on School District property.[2]

Mr. Harold Steuernagle was operating a tractor-trailer used for the hayride. While at a designated stop, the hayride's assigned "safety man" left the trailer for something to drink. When the assigned "safety man" did not return to the trailer, Thomas Carl volunteered to act as "safety man". Thomas Carl received serious personal injuries when he either fell or jumped from the trailer. At the time of the incident, the tractor-trailer was located on School District property.

The School District asserts that it is not liable for Thomas Carl's injuries because (1) the School District did not exercise supervision, direction or control over the Community Day affairs; and (2) the School District is entitled to complete immunity pursuant to Section 8541 of the Judicial Code (Code), 42 Pa. C. S. §8541. Appellants contend that the School District's liability may fall within the exceptions to immunity in Section 8542 of the Code, 42 Pa. C. S. §8542.

The documents before the common pleas court for consideration of the motion for summary judgment which were filed on behalf of the School District, included the pleadings, the depositions of Edward Banks and Harold Steuernagle, and the affidavits of Michele Clarke and Joel Rosen. Appellants did not exercise their right to file opposing affidavits or other supporting documentation available under Pa. R.C.P. No. 1035.

Pa. R.C.P. No. 1035(b) provides that a summary judgment can only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[2] Edward Banks, a stockholder and president of Banks, testified that the route used for the hayride was provided to him by Michele Clarke and Joel Rosen.

genuine issue of material fact". The School District as the moving party has the burden of showing that there are no issues of material fact, and the record must be examined in the light most favorable to Appellants as the nonmoving party. *See Capitol Investment Development Corp. v. Jayes,* 30 Pa. Commonwealth Ct. 283, 373 A.2d 785 (1977).

However, also relevant for our determination is Pa. R.C.P. No. 1035(d) which in pertinent part provides:

· When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Although Appellants have not filed counter-affidavits, we must still determine whether the School District has satisfied the burden of proving that no genuine issues of material fact exist. *Santoro v. City of Philadelphia,* 59 Pa. Commonwealth Ct. 114, 429 A.2d 113 (1981). When no opposing affidavits are filed, the court must ignore controverted facts appearing *only* in the pleadings, but must consider all uncontroverted facts contained in the pleadings and affidavits. *Phaff v. Gerner,* 451 Pa. 146, 150-52, 303 A.2d 826, 829-30 (1973); and *Capitol Investment Development Corp.,* 30 Pa. Commonwealth Ct. at 288, 373 A.2d at 787.

Appellants contend that they should now be permitted to conduct required discovery because the issues of this case may fall within the exceptions for governmental immunity in Sections 8542(b)(1) and (3) of the Code, which provide in pertinent part:

(b) **Acts which may impose liability. . . .**

(1) **Vehicle liability.**—The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, 'motor vehicle' means' any vehicle which· is self-propelled and any attachment thereto, . . .

. . . .

(3) **Real property.**—The care, custody or control of real property in the possession of the' local agency, . . .

Regarding the vehicle liability exception of Section 8542(b)(1) of the Code, Appellants contend that further discovery is warranted because Joel Rosen may have been a member of the school· board, and therefore, his participation in Community. Day ·may have been as a representative of the School District.[3] Appellants· in support of their position refer to the deposition testimony of Edward Banks wherein Mr. Banks testified that Joel Rosen may have been a member of the school board. However, the affidavits of Michele Clarke and Joel Rosen indicate that the School District exercised no supervision, control or direction over the 1981 Community Day activities· including the hayride activities. Both affidavits further indicate that Joel Rosen's participation in the 1981 Community Day. event was as a community volunteer and that he in no way acted as a representative for the School District. In addition, the record clearly establishes that the tractor, trailer, driver and supplies for the hayride were provided by Banks. Thus, we find no evidence in the record which supports Appellants' contention that Joel Rosen's participation in the 1981 Community Day including the hayride activities was as a representative for the School District.

---

[3] Appellants have had over two years to depose other witnesses or utilize other discovery methods but have failed to do so.

Appellants also argue that the real property exception, pursuant to Section 8542(b)(3) of the Code, may impose liability upon the School District. Appellants' primary contention here is that the area in which the accident happened may have been dangerous and the causing factor of the accident. This Court has held that immunity is not waived merely because an accident occurs on school property. *Wimbish v. School District of Penn Hills,* 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981); and *Vann v. Board of Education of the School District of Philadelphia,* 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983). Furthermore, Section 8542(b)(3) of the Code must be narrowly construed to impose liability only for negligence which makes government-owned property unsafe for the activities for which it is regularly used, or for which it may be reasonably foreseen to be used. *Vann* at 607-08, 464 A.2d at 686. In the instant case, Appellants have filed no affidavits or other supporting documents available under Pa. R.C.P. No. 1035 to support their position that the area where the accident occurred may have in fact been unsafe. On the contrary, both Edward Banks and Harold Steuernagle testified that the route itself was safe. After careful review of the record, we find that there is no evidence to indicate a dangerous condition existed on land.

Accordingly, we conclude that the entry of summary judgment against the Appellants and in favor of the School District was proper.

## ORDER

AND NOW, this 14th day of May, 1987, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed.