551 A.2d 376

O.S.C. Company, Appellant *v.* Lackawanna River Basin Sewer Authority, Appellee.

Submitted on briefs September 16, 1988, to Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Arthur J. Rinaldi, Rinaldi & Rinaldi,* for appellant.

*Robert A. Mazzoni,* for appellee.

OPINION BY JUDGE DOYLE, December 9, 1988:

Before us for consideration is the appeal of O.S.C. Company (OSC) from an order of the Court of Common Pleas of Wayne County granting the motion of Lackawanna River Basin Sewer Authority (Authority) for summary judgment. We affirm.

In February of 1986, OSC filed a complaint in ejectment against the Authority wherein it alleged that the Authority had no valid right, title or interest in certain property the Authority had condemned by the filing of a Declaration of Taking some sixteen years previously in June of 1970. The subject premises of the complaint is a parcel of land owned by OSC located on the northern side of Main Street, in Clinton Township, Wayne County. The Authority invoked the power of eminent domain and constructed a sewer line as part of its sewer system. The specific nature of the taking involved a fifteen foot easement across the property of OSC for the purpose of constructing, maintaining, repairing and reconstructing sewer mains, pipes, laterals and the like as part of the construction of the entire system.

In its motion for summary judgment, the Authority argued that it is entitled to an easement pursuant to a Notice of Condemnation Petition and Declaration of Taking filed in Wayne County on June 29, 1970, and that it has acquired the easement pursuant to the Penn-

sylvania Eminent Domain Code[1] (Code). OSC answered, contesting the condemnation procedure employed by the Authority, and alleged that the Authority had not met the requirements of the Code because it had not served its Notice of Condemnation on OSC and had not filed a petition to take possession.

The common pleas court granted the Authority's motion for summary judgment and held that Section 406 of the Code, 26 P.S. §1-406, provided the condemnee, OSC, with the exclusive method for challenging the condemnation procedures followed by the Authority. That Section provides for the filing of preliminary objections by the condemnee as the exclusive method for challenging a taking. The court reasoned that the Code is clear and unambiguous as to the procedures which must be followed by a condemnee when challenging the procedure employed by a condemnor. Thus, it granted the Authority's motion for summary judgment. This appeal followed.

This Court may reverse the trial court's entry of summary judgment only where there has been an error of law or a clear or manifest abuse of discretion. *O'Reilly v. Fox Chapel Area School District,* 106 Pa. Commonwealth Ct. 516, 527 A.2d 581 (1987). OSC here raises several issues on appeal, alleging (1) that the court below committed an abuse of discretion by granting the Authority's motion for summary judgment where there was no competent admissible evidence to show that the Authority gave notice of the condemnation to OSC; (2) that the court committed an error of law when it considered as evidence an allegedly inadmissible affidavit filed by the Authority; and (3) that the court's order granting summary judgment failed to comply with Pa. R.C.P.

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-101 through 1-903.

No. 1517 which sets forth the specific requirements for an *equity* court's adjudication.

Both parties' pleadings were before the court below for its consideration of the motion for summary judgment. As additional support for its motion, the Authority presented an affidavit by one William Karam (Karam), Chief Engineer for the Authority during the construction of its sewer system, including the sewer line through OSC's premises. Karam averred therein that he was on OSC's premises on a daily basis during the construction of the sewer line, and that he had several conferences with John Baumann, an owner of OSC, many of which took place on the subject premises. Karam further averred that employees of OSC, at his request, provided maps of the tract to him as a prerequisite for construction, and that at no time did Baumann or any other OSC representative request that the Authority cease construction of the sewer line.

OSC did not exercise its right pursuant to Pa. R.C.P. No. 1035 to file opposing affidavits or other supporting documentation.[2] Instead, it chose to rely on an argument contained in its brief in opposition to summary judgment to the effect that because Baumann died prior to the Authority's filing of Karam's affidavit,

---

[2] It is well settled that the Rules of Civil Procedure do not apply in eminent domain proceedings, *see Department of Transportation v. Hess,* 55 Pa. Commonwealth Ct. 27, 423 A.2d 434 (1980), and that the Code provides the exclusive procedure by which eminent domain matters are governed. *Department of Transportation Appeal,* 83 Pa. Commonwealth Ct. 184, 476 A.2d 519 (1984). We are not here concerned with this prohibition however, because OSC commenced this proceeding as an action in ejectment, not as an eminent domain proceeding. That being the case, it is Pa. R.C.P. No. 1051 which controls. Rule 1051 provides that "the procedure in the action of ejectment shall be in accordance with the rules relating to a civil action."

that affidavit was not admissible as evidence under what is commonly referred to as the Pennsylvania Deadman's Act (Act), 42 Pa. C. S. §5930.[3]

Pa. R.C.P. No. 1035(b) provides that summary judgment may only be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact." The Authority as the moving party has the burden of showing that there are no issues of material fact, and the record must be examined in the light most favorable to OSC as the nonmoving party. *See Carl v. Banks Engineering Co.*, 106 Pa. Commonwealth Ct. 147, 525 A.2d 877 (1987).

However, in the instant matter, Pa. R.C.P. No. 1035(d) is also relevant to our determination and in pertinent part provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allega-

---

[3] As we point out *infra*, this issue was not properly before the court below. However, even assuming that it was, the Karam affidavit does not fall within the ambit of the Act. OSC argues that Karam has an interest adverse to Baumann, a deceased party, and that the Karam affidavit is therefore inadmissible. This argument fails to distinguish between adverse interest and adverse testimony. As our Supreme Court stated in *Estate of Hall*, 517 Pa. 115, 535 A.2d 47 (1987), it is adverse interest, not adverse testimony, which disqualifies a witness from testifying. The true test is whether the witness will gain or lose as the direct legal operation and effect of the judgment rendered. *Id*. Here, Karam has no interest in the outcome of this matter and would neither gain nor lose as the result of the lower court's judgment. Further, the fact that Karam is an employee of the Authority does not constitute an adverse interest on his part nor serve to render his testimony incompetent. It has long been held that the Deadman's Act does not exclude agents and employees. *See Canon v. Pennsylvania Trust Co.*, 305 Pa. 422, 158 A. 173 (1931); *Visscher v. O'Brien*, 274 Pa. Superior Ct. 375, 418 A.2d 454 (1980).

tions or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, although OSC failed to file a counter affidavit, it remains to be determined whether the Authority has satisfied the burden of proving that no genuine issues of material fact exist. *Carl.* When no opposing affidavits are filed, the court must ignore controverted facts appearing *only* in the pleadings, but must consider all uncontroverted facts contained in the pleadings and affidavits. *Carl,* 106 Pa. Commonwealth Ct. at 151, 525 A.2d at 879 (*citing Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973)).

OSC contends herein that the trial court abused its discretion when it granted the Authority's summary judgment motion, in that the only admissible evidence before the court showed that no notice was served on OSC of the Authority's filing of the Declaration of Taking as required by Section 405 of the Code, 26 P.S. §1-405.[4] However, under Rule 1035(d), the uncontroverted

---

[4] Section 405(a) of the Code requires that "[w]ithin thirty days after the filing of the declaration of taking, the condemnor shall give written notice of the filing to the condemnee." Section 405(b) provides an alternative method of service through a posting of a copy of the notice on the condemned property and publication in one newspaper of general circulation and the county legal journal, if any.

Subsequent to OSC's answer to the Authority's motion for summary judgment alleging that the Authority did not meet the requirements of the Code because it did not serve notice on OSC, the Authority filed a document styled Notice to Condemn, nunc pro tunc, by which the declaration of taking and notice of condemnation was served on OSC in an attempt to cure any procedural errors regarding notice. Because we affirm the lower court's order partially on the strength of the Authority's uncontroverted affidavit

Karam affidavit was admissible evidence. Although that affidavit did not establish notice pursuant to Section 405 of the Code, it did establish *actual* notice because that affidavit was not challenged by a counter affidavit. Further, that notice was sufficient to trigger OSC's obligation to file preliminary objections to the taking at that time.[5] The trial court therefore committed no abuse of discretion when it considered the Karam affidavit as uncontroverted evidence that OSC had actual notice. *Avery v. Commonwealth,* 2 Pa. Commonwealth Ct. 105, 276 A.2d 843 (1971) (nonprejudicial irregularity pertaining to notice of hearing would not be held to invalidate taking).

Thus, there being no genuine issues of material fact apparent from the record before us, we now examine whether the trial court properly concluded that OSC's sole method for challenging the Authority's condemnation procedure was in the form of preliminary objections as provided by Section 406 of the Code. That Section provides in pertinent part:

(a) Within thirty days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking. . . . *Preliminary objections shall be limited to and shall be the exclusive method of challenging* (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) *any other proce-*

---

regarding notice to OSC, we do not decide whether the nunc pro tunc notice of condemnation serves to cure any procedural defects.

[5] OSC also contends that the court below committed an error of law when it could only have found the notice required by the Code by considering the Karam affidavit. Here, the court made no specific finding on notice. This is unimportant, however, because the uncontested affidavit establishes actual notice as a matter of law.

*dure followed by the condemnor, or (4) the declaration of taking. Failure to raise these matters by preliminary objections shall constitute a waiver thereof.*

26 P.S. §1-406(a) (emphasis added).

We believe that the Code is indeed clear and unambiguous as to the procedure to be employed by a condemnee when challenging the actions of a condemnor. We therefore conclude that the trial court correctly held that Section 406 provided OSC with the exclusive method for challenging 'the Authority's condemnation of OSC's premises, and properly directed OSC to proceed in accordance with the Code. Accordingly, we affirm the order entering summary judgment in favor of the Authority.[6]

## ORDER

Now, December 9, 1988, the order of the Court of Common Pleas of Wayne County in the above-captioned matter is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[6] OSC also contends that the common pleas court's order granting summary judgment did not comply with Pa. R.C.P. No. 1517 in that the court's adjudication failed to include a closely condensed chronological statement of the facts necessary to be known in order to determine the issues. We find this argument to be without merit because Rule 1517 clearly applies only to actions in equity, and OSC's complaint is captioned as an "Action at Law in Ejectment." We find, however, that the court's opinion and order stated the procedural history and facts of the case, the issues, the question of law involved and its conclusion of law, and that it therefore provided an adequate basis for our review and is in all respects a well-written and legally sound opinion.