**Richard GOLD and Alice Gold, his wife**

v.

**SUMMIT TOWNSHIP, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 16, 1995.
Decided June 9, 1995.

Alexander H. Lindsay, Jr., for appellant.

John Lane Geyer, for appellees.

Before PELLEGRINI and NEWMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Summit Township (Township) appeals from an order of the Court of Common Pleas of Butler County (trial court) entered May 23, 1994 wherein Township's motion for post-trial relief in the form of a new trial was denied.

This matter began on October 7, 1987, when Richard and Alice Gold (Golds) filed a complaint in mandamus seeking to have the trial court determine if an "alleged" Township road ran through their property and, if so, Golds sought to have the trial court require Township to comply with the Second Class Township Code [1] by maintaining the road. In the alternative, if the trial court determined no road existed, Golds sought to have the court require Township to revert the property back to Gold.[2] Thereafter, Township filed preliminary objections to the complaint which, on May 18, 1988, the trial court sustained, concluding that Golds failed to plead a cause of action in mandamus. The trial court granted Golds leave to amend their complaint and in its opinion in support of its order sustaining Township's preliminary objections, the trial court suggested that an action to quiet title might be appropriate given the facts as alleged in Golds' original complaint. (R.R. 280a).

On July 8, 1988, Golds filed an amended complaint alleging that there was no prior travel on Moore Road by the public or maintenance of said alleged road by the Township. Golds specifically sought in their amended complaint to have the trial court "decree that title to the said property is in Plaintiffs and to enjoin Defendants from asserting any right to title for an alleged road through Plaintiffs' property," i.e., Golds

---

1. Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65201–67201.

2. The complaint stated that the "alleged" road, as averred by Township, ran in an Easterly direction from L.R. 10125 (St. Wendelin Road) to T 595 (Montag Road) and is known as T–753, "Moore Road." Golds alleged in their complaint that approximately .4 of a mile of "Moore Road" ran through their property.

amended their complaint to state an action to quiet title. (R.R. 266a). In its answer, Township asserted, in new matter, that the road in question, Moore Road, had been a public road for many years. Golds, in response to Township's new matter, alleged that Moore Road had never been a public road and if a private road ever existed it had not been used by the owners or the public in excess of fifty (50) years.

Thereafter, the trial court conducted a jury trial in the matter.[3] Upon stipulation of facts, the parties agreed that:

5. The alleged road (Township Route 753, a/k/a Moore Road) is not a road of record; that is, there is no public record of the laying out, dedication or adoption of the road by Township.

Additionally, there was no dispute that a roadway was, in fact, constructed on "Moore Road" by the Township and that a portion of said road ran through Golds' property. However, the extent to which said roadway ran through Golds' property is not revealed by the record.

On February 9, 1994, a verdict was returned in favor of Golds and against Township in the amount of $33,200. Thereafter, Township filed a motion for post-trial relief alleging that there was insufficient evidence adduced at trial to support the jury's award

of damages in the amount of $33,200.00. The trial court denied Township's motion and the matter was appealed to this Court; however, because of our disposition which follows, we do not address the merits of Township's appeal to this Court.

■ Initially, we note that the record in this matter fails to reveal that Township, at any time, enacted an ordinance to open "Moore Road" consistent with the requirements of Section 1101 of the Second Class Township Code, 53 P.S. § 66101.[4] In fact, the record reveals, as set forth in the stipulation above, that Moore Road was not a road of record in Township. Having failed to formally open "Moore Road" pursuant to the Second Class Township Code and having, admittedly, constructed a roadway through some portion of Golds' property, the Township, when it constructed said roadway had no authority to do so other than through its eminent domain power. Accordingly, such action by Township constituted a *de facto* taking of some portion of Golds' property,[5] as Township, unquestionably, was clothed with the power of eminent domain.[6]

■ Because eminent domain proceedings are governed exclusively by the Eminent Domain Code (Code),[7] see, e.g., Code

---

3. We note that the trial court's charge to the jury was a classic charge relating to common law trespass for money damages. (See supplemental original record at p.p. 111–122). However, the record is void of any amendatory pleading, either express or oral, changing Gold's amended complaint for an action to quiet title to an action in trespass. Further, we note there is no right to a jury trial in an action to quiet title. (See Committee Notes following Pa.R.Civ.P. 1061). Accordingly, why the trial court conducted a jury trial and why the trial court charged the jury on trespass remains a mystery based upon the record in this case.

4. Section 1101 provides, in relevant part:
    The township supervisors may by ordinance enact, ordain, survey, lay out, open, widen, straighten, vacate and relay all roads and parts thereof which are wholly within the township, upon the petition of interested citizens, or without petition if in the judgment of the supervisors, it is necessary. Such power shall include authority to vacate, in whole or in part, roads laid out by the Commonwealth, where the same have remained unopened for a period

of thirty years, and also the authority to lay out and open a public road which will be a continuation or extension of a street already opened by an adjacent city, borough or township, and to provide in any ordinance of the vacation of a road, that all or part thereof shall be a private road.

5. Again, as noted above, the record fails to disclose the exact portion of Golds' property that was affected by Township's construction of a roadway over Moore Road.

6. We note that a *de facto* taking occurs were an entity clothed with the power of eminent domain substantially deprives a property owner of the use and enjoyment of their property. *Conroy-Prugh Glass Co. v. Commonwealth*, 456 Pa. 384, 321 A.2d 598 (1974); *Darlington v. County of Chester*, 147 Pa.Commonwealth Ct. 177, 607 A.2d 315, *appeal denied*, 531 Pa. 657, 613 A.2d 562 (1992).

7. Act of June 22, 1964 P.L. 84, *as amended*, 26 P.S. §§ 1–101–1–903.

Section 303, 26 P.S. § 1–303 [8]; see also *In re Condemnation by Department of Transportation*, 83 Pa.Commonwealth Ct. 184, 476 A.2d 519, *appeal after remand*, 96 Pa.Commonwealth Ct. 68, 506 A.2d 990 (1986), where, as here, a *de facto* taking has occurred, it is within the exclusive jurisdiction of a board of viewers to initially determine the damages at issue. Here, the matter should have been pursued before the Board of View of Butler County rather than the trial court. Accordingly, we will vacate the opinion and order of the trial court and remand the matter to said court with directions to treat the amended complaint of Golds' as a petition for the appointment of viewers consistent with Section 502 of the Code, 26 P.S. § 1–502 and to appoint viewers and thereafter proceed in accordance with the Code.

### ORDER

AND NOW, this 9th day of June, 1995, the opinion and order of the Court of Common Pleas of Butler County dated May 23, 1994 is vacated and the matter is remanded to said court with directions to treat the amended complaint filed by Richard and Alice Gold on June 8, 1988 as a petition for the appointment of viewers consistent with Section 502 of the Eminent Domain Code of Pennsylvania, 26 P.S. § 1–502, and to appoint viewers and thereafter proceed in accordance with the Eminent Domain Code.

Jurisdiction relinquished.

---

**8.** Section 303, provides, in relevant part:
 It is intended by this act to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages therefor ...