J-A20009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PEOPLES SECURITY BANK & TRUST SUCCESSOR BY MERGER TO PENN SECURITY BANK & TRUST CO. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| ROBERT A. FRITZ | : : | |
| Appellant | : | No. 1904 MDA 2016 |

Appeal from the Order Entered October 20, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  15-CV-6188

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:          **FILED OCTOBER 13, 2017**

Appellant, Robert A. Fritz, appeals from the order of the Lackawanna County Court of Common Pleas, which entered summary judgment in favor of Appellee, Peoples Security Bank & Trust ("Peoples Bank"), successor by merger to Penn Security Bank & Trust Co.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we will only briefly summarize them.  Peoples Bank made a mortgage loan to Cadosia Partners, Inc. ("Borrower") on February 16, 2006.  Appellant is one of five officers of Borrower who executed individual commercial guaranties for the loan.  The guaranty specifically provided:

> GUARANTEE OF PAYMENT AND PERFORMANCE.  For good
> and  valuable  consideration,  [Appellant]  absolutely  and

unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to [Peoples Bank], and the performance and discharge of all Borrower's obligations under the Note and the Related Documents. This is a guaranty of payment and performance and not of collection, so [Peoples Bank] can enforce this Guaranty against [Appellant] even when [Peoples Bank] has not exhausted [Peoples Bank's] remedies against anyone else obligated to pay the Indebtedness or against any collateral securing the Indebtedness, this Guaranty or any other guaranty of Indebtedness. [Appellant] will make any payments to [Peoples Bank] or its order, on demand, in legal tender of the United States of America, in same-day funds, without set-off or deduction or counterclaim, and will otherwise perform Borrower's obligations under the Note and Related Documents.

(**See** Complaint of Peoples Bank, Exhibit B; R.R. at 12a).

After the alleged default, Peoples Bank demanded payment of the loan in full from the guarantors. On October 19, 2015, Peoples Bank instituted an *in personam* action against Appellant as guarantor of the loan. Appellant filed preliminary objections, which asserted among other things, that Peoples Bank failed to join the other guarantors to the action as necessary parties. The trial court overruled Appellant's preliminary objections. Appellant filed his answer and new matter, and Peoples Bank filed a reply to the new matter and the pleadings closed in May 2016.

On August 25, 2016, Peoples Bank filed a motion for summary judgment, its brief in support of the motion, and an affidavit of Robert Diehl, vice president of Peoples Bank, concerning the amount borrowed and still outstanding. Appellant opposed the motion. By order dated October 20,

2016, the trial court granted summary judgment in favor of Peoples Bank in the amount of $123,475.32, plus accrued interest from September 8, 2015, accruing in the approximate amount of $10.83 per diem. Appellant filed a notice of appeal on November 18, 2016. The court did not order a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises two issues on appeal:

> DID THE [TRIAL] COURT…ERR AS A MATTER OF LAW IN DISMISSING [APPELLANT]'S PRELIMINARY OBJECTION[S] AND NEW MATTER ASSERTING THAT…[PEOPLES BANK]…FAILED TO JOIN NECESSARY PARTIES TO THE ACTION?
>
> DID THE [TRIAL] COURT…ERR AS A MATTER OF LAW IN GRANTING [PEOPLES BANK]'S MOTION FOR SUMMARY JUDGMENT?

(Appellant's Brief at 4).

We address Appellant's issues together. Initially, Appellant argues the other four officers of Borrower each also signed a commercial guaranty for the loan and are necessary and indispensable parties to this action. Appellant contends Peoples Bank's complaint is defective because it failed to join the other guarantors who share a joint interest with Appellant in any claim or recovery of Peoples Bank in this action.

Appellant also claims summary judgment was improper as genuine issues of material fact exist in the case. Appellant asserts summary judgment is premature when discovery is necessary to demonstrate that

payments made were not properly credited to the subject loan. Appellant insists that, as a matter of law, Peoples Bank cannot rely on its own declarations to support its motion for summary judgment. Specifically, Appellant contends the Diehl affidavit is simply a mirror image of Peoples Bank's motion for summary judgment and does not introduce any facts or proof to support the motion. Based upon the foregoing, Appellant concludes the court erred in granting summary judgment as a matter of law and must be reversed; this case should be remanded for further proceedings. We disagree.

Appellate review of an order granting summary judgment asks us to determine whether the trial court abused its discretion or committed an error of law. **Mee v. Safeco Ins. Co. of Am.**, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

**Miller v. Sacred Heart Hosp.**, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. **Pappas v. Asbel**, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002).

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there

exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006)

(internal citations and quotation marks omitted).

Rule 2227 of the Pennsylvania Rules of Civil Procedure defines compulsory joinder as follows:

**Rule 2227. Compulsory Joinder**

> (a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.

Pa.R.C.P. 2227(a). "In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that [the entity] must be a party of record to protect such rights[.]" ***Columbia Gas Transmission Corp. v. Diamond Fuel Co.***, 464 Pa. 377, 379, 346 A.2d 788, 789 (1975). ***See also CRY, Inc. v. Mill Service, Inc.***, 536 Pa. 462, 468, 640 A.2d 372, 375 (1994) (stating same). "The absence of an indispensable party goes absolutely to the court's jurisdiction. If an indispensable party is not joined, a court is without jurisdiction to decide the matter. The absence of an indispensable party renders any order or decree of the court null and void." ***Sabella v. Appalachian Development Corp.***, 103 A.3d 83, 90 (Pa.Super. 2014), *appeal denied*, 631 Pa. 744, 114 A.3d 417 (2015). The failure to join an indispensable party is a non-waivable issue. ***Id.***; ***Fiore v. Oakwood Plaza Shopping Center, Inc.***, 585 A.2d 1012, 1020 (Pa.Super. 1991) (stating issue of failure to join indispensable party cannot be waived).

In determining whether a party is "indispensable," courts analyze: "(1) whether the party has a right or interest related to the claim; (2) the nature of the right or interest; (3) whether the right or interest is essential to the merits; and (4) whether justice can prevail without violating due process rights of the absent party." ***Id.*** In other words, "An indispensable party

must have a right or interest in the claim that may be affected by disposition of the lawsuit and **is essential to the merits of the suit**, so that justice may not be afforded without violating due process if the party remains absent." ***U.S. Bank Nat'l Association for Pennsylvania Hous. Fin. Agency v. Watters***, 163 A.3d 1019, 1023 n.3 (Pa.Super. 2017) (emphasis added).

Significantly, not all parties or entities related to an action are "indispensable" parties. ***Corman v. Nat'l Collegiate Athletic Association,*** 74 A.3d 1149 (Pa.Cmwlth. 2013). For example, "where a person's official designee is already a party, the participation of such designee may alone be sufficient, as the interests of the two are identical, and thus, the participation of both would result in duplicative filings." ***Id.*** at 1163. ***See, e.g., City of Philadelphia v. Commonwealth***, 575 Pa. 542, 568, 838 A.2d 566, 582 (2003) (holding petitioners' failure to join all parties who were potentially affected by challenged legislation did not deprive Supreme Court of jurisdiction to review merits of petitioners' claims; requiring participation of all parties having any interest which could be potentially affected would be impractical; legislation at issue purports to alter rights and obligations of numerous persons, but achieving justice is not dependent upon participation of all of those persons; substantial justice can be done without joining any parties other than those who are presently participating in litigation). "[T]he basic inquiry remains whether justice can be done in the absence of a third

party." ***Orman v. Mortgage I.T.***, 118 A.3d 403, 407 (Pa.Super. 2015). ***See also CRY, Inc., supra*** at 469, 640 A.2d at 375 (stating same). To decide if a party or entity is indispensable to a lawsuit, "we must carefully review the plaintiff's pleadings as well as any appropriate exhibits." ***Grimme Combustion, Inc. v. Mergentime Corp.***, 595 A.2d 77, 79 (Pa.Super. 1991), *appeal denied*, 530 Pa. 644, 607 A.2d 254 (1992). "If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation." ***Id.*** at 81.

"[I]n essence, a guaranty is a document defining a guarantor's liability for another's debt and a creditor's concomitant right to recover from the guarantor if the debtor does not pay." ***Osprey Portfolio, LLC v. Izett***, 620 Pa. 274, 283, 67 A.3d 749, 755 (2013). "Guaranty contracts are subject to the same rules of interpretation as other contracts, …, and the principles guiding our review of a contract's interpretation are settled. Whether the trial court has properly interpreted a contract is a question of law which this court will fully review." ***Meeting House Lane, Ltd. v. Melso***, 628 A.2d 854, 857 (Pa.Super. 1993), *appeal denied*, 537 Pa. 633, 642 A.2d 486 (1994). "Furthermore, the parties have the right to make their own contract, and it is not the function of a court to rewrite it or to give it a construction in conflict with the accepted and plain meaning of the language used." ***Id.***

In cases of a written contract, the intent of the parties is the writing itself. If left undefined, the words of a contract are to be given their ordinary meaning. When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself. … A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. While unambiguous contracts are interpreted by the court as a matter of law, ambiguous writings are interpreted by the finder of fact…. [T]he question of whether a contract is ambiguous is a question of law. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as this court may review the entire record in making its decision.

*Nissley v. Candytown Motorcycle Club, Inc.*, 913 A.2d 887, 889-90 (Pa.Super. 2006). The trial court can construe unambiguous contracts as a matter of law. *Trizechahn Gateway LLC v. Titus*, 601 Pa. 637, 653, 976 A.2d 474, 483 (2009).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable John L. Braxton, S.J., we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed December 16, 2016, at 2-4) (finding: **(1)** appellant signed guaranty providing Peoples Bank with authority to proceed directly against Appellant without including any other guarantor or other person; **(2)** upon review of Peoples Bank's complaint, Appellant's answer and new matter, and affidavit of Robert Diehl, Vice President of Peoples Bank, in support of its summary judgment motion,

summary judgment was warranted; Appellant's answers to factual allegations in complaint are general denials, which are deemed admissions; only evidence in addition to verified exhibits attached to Peoples Bank's complaint is affidavit of its vice president; affidavit documents history of loan agreement and parties to agreement, purported default and amounts owed, and alleged responsible parties; Appellant failed to provide any specific proof in support of his defense on accuracy of sums owed; instead, Appellant has merely denied some allegations and stated others are conclusions of law to which no response is required; given these general denials, averments in complaint are deemed admissions; Appellant failed to establish any issue of material fact to defeat summary judgment in favor of Peoples Bank). We agree. There can be no dispute in this case that the guaranty Appellant signed defines the parties' rights, duties, entitlements, and/or liabilities, particularly Appellant's legal obligation to pay the loan principal and related charges in the event of a default. Correspondingly, the guaranty defines Peoples Bank's right to obtain payment solely and directly from Appellant, even when Peoples Bank has not exhausted its remedies against any other obligor or against any collateral securing the loan, the guaranty or any other guarantor of the loan, without set-off or deduction or counterclaim. The guaranty as written is absolute, unconditional, and unambiguous. Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2017



IN THE COURT OF
COMMON PLEAS OF
LACKAWANNA COUNTY, PENNSYLVANIA
CIVIL ACTION

**Peoples Security Bank & Trust,
Successor by Merger to
Penn Security Bank & Trust Co.,**

**Plaintiff**

**v.**

**Robert A. Fritz,**

**Defendant**



15 CV 6188

## Memorandum in Support of Order

On October 20, 2016, after oral argument on the Plaintiff's Motion for Summary Judgment, this Court granted the Motion and entered judgment "in favor of Plaintiff Peoples Security Bank & Trust ("Bank") and against Defendant/Guarantor Robert A. Fritz ("Fritz") in the amount of $123,475.32, plus accrued interest from September 8, 2015, accruing in the approximate amount of $19.83 per diem, reasonable attorneys fees and costs."  Defendant/Guarantor Fritz has appealed this Court's Order of October 20, 2016, and this Memorandum is in support of this Court's decision.

In its Summary Judgment Motion, the Bank alleged that on February 16, 2006, it made a loan to Borrower Cadosia Partners, Inc. ("Borrower") in the amount of $204,000.00.  This loan is evidenced by a promissory note, a copy of which is attached to the Summary Judgment Motion.  In order to induce the Bank to make the loan, Guarantor[1] executed and delivered to the Bank a Commercial Guaranty ("Guaranty"), which provides as follows:

---

1 On the Note, the Guarantor is identified as the Secretary of Cadosia Partners, Inc.  A review of the Note shows that all corporate officers executed the Note on behalf of the Borrower:  Robert A. Fritz, Secretary; Robert M. Fritz, III, Vice President; Gerald Sabatino, President, and Michael Rogan, Treasurer.  Commercial Guaranties were obtained from each corporate officer.



1

GUARANTEE OF PAYMENT AND PERFORMANCE. For good and valuable consideration, Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents. This is a Guaranty of payment and performance and not of collection, so Lender can enforce this Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obligated to pay the indebtedness or against any collateral securing the Indebtedness, this Guaranty, or any other Guaranty of indebtedness.

Said Guaranty further specifically provides in the "Guarantor's Representations and Warranties" provision, subsection (J), that the "Guarantor has established adequate means of obtaining from Borrower on a continuing basis information regarding Borrower's financial condition." Also, the Guaranty specifically provides that the "Guarantor waives any right to require Lender ... (C) to resort to payment for to proceed directly or at once against any person, including Borrower or any other Guarantor; (D) to proceed directly against or exhaust any collateral held by Lender from Borrower, any other Guarantor, or any other person."

A default allegedly occurred under the Note, in that the Borrower failed to pay the money due and owing the Bank pursuant to the Note. In a letter dated July 21, 2015, the Bank demanded payment of the Loan in full, and to date, the Loan has not been fully satisfied. There has been no assignment of the Note, though the Court acknowledges that Peoples Security Bank & Trust is the successor by merger to Penn Security Bank and Trust Company. As of September 8, 2015, the amount due the Bank under the Note was $123,475.32, consisting of principal in the amount of $121,654.75, accrued interest in the amount of $1,574.96 and late charges in the amount of $245.61, exclusive of counsel fees and costs.

On October 19, 2015, the Bank filed this in personam action against the Defendant/Guarantor Fritz to recover the amount due and owing, plus fees and costs. Fritz filed his answer and new matter on May 4, 2015, and the Bank filed its Reply to New Matter on May 9, 2015. The pleadings have now been closed and, according to the Bank, its Motion for Summary Judgment should be granted by the Court as there exists no genuine issue as to any material fact in regard to the loan and nonpayment.

**Pa. R.C.P. 1035.2** provides that after the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment as a matter of law (1) whenever there is no genuine issue of

2

material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or an expert report; or (2) if, after the completion of discovery relevant to the motion, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the defense, which would require the issues to be submitted to a jury. In considering a Summary Judgment Motion, the Court is to view the record in the light most favorable to the nonmoving party and all doubts as to the existence of material fact must be resolved against the moving party. **Albright v. Abington Memorial Hospital, 696 A.2d 1159 (Pa. 1997).** Summary judgment may only be granted in the clearest of cases in which there is not the slightest doubt as to the absence of a triable issue of fact. **Skipworth v. Lead Industries Association, 690 A.2d 169 (Pa. 1997).** It is the moving party who bears the burden of establishing that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. **Davis v. Brennan, 698 A.2d 1382 (Pa. Super. 1997).**

Specifically, when facts contained in an affidavit filed by a party moving for summary judgment are not disputed by any opposing affidavit, a court is bound to conclude that there are no genuine issues as to any material facts contained in the affidavit. **Phaff v. Gerner, 303 A.2d 826 (Pa. 1973).** When no opposing affidavits are filed in response to a motion for summary judgment, a court must ignore controverted facts appearing only in the pleadings, and must consider all uncontroverted facts contained in the pleadings and affidavits. **O.S.C. v. Lackawanna River Basin Authority, 551 A.2d 376 (Pa. Cmwlth. 1988).** To this end, the non-moving party may not rely on allegations or denials of the pleadings and must file a response to the motion that identifies one or more issues of fact arising from evidence in the record which controverts the evidence cited in support of the motion. **Pa. R.C.P. 1035.3(a).** The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. **Phaff,** *supra,* citing **Federal Rules of Civil Procedure, Notes of Advisory Committee on 1963 Amendment.** In the matter presently before the Court, we have reviewed the factual allegations contained in the Complaint, the Answers to each paragraph of the Complaint and New Matter, and the Affidavit of Robert Diehl, Vice President of Plaintiff Bank, and have concluded that the entry of summary judgment is warranted.

The Defendant/Guarantor's Answers to the Complaint are general denials and, pursuant to **Pa. R.C.P. 1029 (b),** the averments are deemed admitted. To this point, Fritz has failed to offer any evidence of facts essential to his defense. The only evidence before the Court, outside of the verified exhibits attached to the Complaint, is the Affidavit from the Bank Vice President, which documents the history of the transaction, the agreement made and the parties to it, the loan,

3

the purported breach and the amounts owed, and the alleged responsible parties. Fritz has been unable to come forth with any proof in support of his defense, and rather, has merely denied some allegations and stated that others are conclusions of law to which no response is required. With the Affidavit unanswered, and with the Defendant/Guarantor unable to produce sure evidence pursuant to **Pa. R.C.P. 1035.3,** the Court finds that the responses to the Complaint do not create any issue of material fact.

For the reasons stated, this Court granted the Motion for Summary Judgment in favor of Plaintiff and against Defendant/Guarantor Fritz.

_____, S.J.
Hon. John L. Braxton, Senior Judge

4